T. H. GARY, APPELLANT, VS. ROBERT J. MICKLER AND MARY J. MICKLER, APPELLEES.

1. The Rules of Practice for the government of the Circuit Courts in suits in equity only authorize the "plaintiff or complainant to set down the cause for hearing on bill and answer."

2. It is not error to refuse to dismiss a bill in equity after answer and replication thereto are filed and before the time for taking testimony has expired, on motion of the defendant to dismiss the same on bill and answer.

Appeal from Circuit Court for Hernando county.

Judge Walker, of the Second Circuit, sat in the place of Mr. Justice Raney, disqualified.

The facts of the case are stated in the opinion.

*Lloyd & Austin* for Appellant.

*John A. Henderson* and *T. L. Clarke* on same side.

An appeal in equity is substantially a rehearing of the cause and the appeal opens the whole case. So. Life Ins. & Trust Co. vs. Cole, 4 Fla., 359.

The bill was demurred to and the demurrer was overruled. If there was any error in this ruling the court will correct it. One ground of the demurrer is a defect of parties—that all the parties claiming title and an interest in the land sought to be partitioned are not properly before the court.

In a suit for partition of real estate, and by co-tenants, the co-tenants are necessary parties, and no partition can be had unless they are all before the court. Freeman on Cotenancy and Partition, 463 ; 6 Wallace, 280 284; Farney vs. Baltimore City, 17 Howard, 130.

The suit must be brought in the name of the lunatic; stating that he sues by the committee of his estate. 3 Barb. Chy., (N. Y.) 24, Gorham vs. Gorham ; Freeman on Cotenancy and Partition. sec. 469 ; McClellan's Dig., 812, section 7.

We have no statute in Florida authorizing a person of unsound mind to sue by guardian *ad litem*, and there is no precedent for such proceedings. Neither the Chancellor, the Clerk of Circuit Court nor his deputy have any jurisdiction or authority to appoint a guardian *ad litem* to sue for a person of unsound mind. McClellan's Digest, 812, sec. 7.

It appears to be admitted by the pleadings that William A. Howell is a person of unsound mind, but it nowhere appears that he has ever been adjudged a lunatic.

The County Judge of Hernando county has no jurisdiction to declare him a lunatic; such inquiries are confined to the jurisdiction of the Circuit Courts; nor had the County Judge the jurisdiction to appoint a guardian of the person and property of said Howell, a person of unsound mind, and the order appointing such guardian is void for want of jurisdiction. McClellan's Dig., 747, secs. 3 and 4.

Again, it is admitted that Mary E. Mickler was at the time of her appointment, and has ever since, been a married woman, the wife of Robert J. Mickler. Being a married woman she could not comply with the necessary conditions of the order of her appointment. She could make no bond that would bind her.

The court will not fail to notice that the bill was filed against the defendant as administratrix of the estate of Maria A. Howell, deceased; that it prays that the defendant as administratrix may answer the premises, and it prays for subpœna to be directed to said Tommie H. Gary, as administratrix of the estate of Mary E. Howell, deceassd. The administratrix of the deceased was neither a necessary or proper party to this proceeding. In her representative capacity she was not a co-tenant and had no interest in the title to this property, and complainants could have no relief against her as administratrix. This objection might very properly have been argued in support of the demurrer to the bill, and we think the statement of the grounds of the demurrer are sufficiently broad to include it.

Questions of title cannot be tried in a suit for partition. If the land be held adversely to the applicant he must first establish his right by an action to recover possession. Proceedings for partition were not designed as an alternative remedy with the action of ejectment. Freeman on Cotenancy and Partition, sec. 447; 7 Mass., 475, Bonner vs. Kennebeck Proprietors, &c.; 1 Watts & S., 184, Law vs. Patterson;

34 Mo., 523, Gravier vs. Ivory; 1 Penn. St., 325, McMasters vs. Carothers; 2 Barb. Ch., 405, Burhans vs. Burhans; 46 N. Y., 186, Florence vs. Hopkins.

The motion to dismiss the bill after a demurrer to it had been overruled was certainly irregular, but it seems from the record that the motion was entertained and the pleadings considered and that argument was heard. At this stage of the cause the defect of parties was apparent. The fact that defendant held adversely and claimed title to 21 acres of the land sought to be partitioned was set up in her answer, and the motion was to dismiss the whole bill for defect of parties, or to dismiss as to the 21 acres held adversely, or to stay proceedings until the title and right of possession of the 21 acres held adversely could be tried at law. While we cannot approve the practice of bringing these questions to the attention of the court by motion, yet it was certainly the duty of the court, as soon as it appeared that a portion of the lands were held adversely by defendant, and that she claimed the title thereto, and denied that they were a part of the estate of her deceased mother, either to dismiss the bill for partition or to stay proceedings and direct the question of the title to be settled by an appropriate action in a court of law.

We think the demurrer for defect of parties should have been sustained as the insane co-tenant, William A. Howell, was never legally before the court, and that at the hearing upon bill and answer (for the hearing upon motion to dismiss can be nothing else) the bill should have been dismissed or proceedings stayed till the question of title and adverse possession was properly settled in a court of competent jurisdiction.

*A. Paterson* for Appellees.

THE CHIEF-JUSTICE delivered the opinion of the court:

The bill in this case was filed by Robert J. Mickler, Mary E. Mickler, his wife, by Robert J. Mickler, her next friend, and William A. Howell, " represented in this suit by his guardian in fact, Mary E. Mickler, as guardian *ad litem*, against Mrs. Tommie H. Gary."

The bill alleges that the complainants and defendant are the sole heirs of Maria A. Howell, deceased. That said Maria A. Howell at the time of her death was the owner of a tract of land in Hernando county, describing the same, excepting certain portions sold by Mrs. Howell to various parties, and twelve acres which complainant, Mrs. Mickler, claims Mrs. Howell gave her and put her in possession of but never made her a deed therefor.

The bill prays for a partition of that part of the property owned by Mrs. Howell at the time of her death, excepting the twelve acres that she claimed were given her by her mother, Mrs. Howell, and four acres which the bill admits were given by deed to Mrs. Gary.

There was a demurrer to the bill on several grounds.

The demurrer was overruled, whereupon the defendant filed her answer, to which complainants filed a replication on the 15th day of July, 1884.

On the 9th day of September, 1884, the defendant, by her counsel, filed a motion to dismiss the bill on several different grounds.

This motion to dismiss was made after the filing of the replication to the answer by means of which the cause was at issue, and before any testimony was taken and before the three months had expired which is allowed by the rules for taking testimony. We are not aware of any rule or practice in equity that would justify the defendant in demanding a hearing of the cause at such a stage, on bill and an-

swer, especially when most of the statements set forth in the answer, and which defendant insists should be considered as in evidence, allege new matter not responsive to the bill and not attempted to be sustained by proof. The Chancellor we think very properly overruled the motion to dismiss.

If the bill was objectionable, a question which we decline to decide, it could not be reached by a motion to dismiss at the stage of the cause when it was made. The interlocutory order of the Circuit Court refusing to dismiss the bill is affirmed, and the cause remanded for further proceedings. Appellant will pay the costs of this appeal.