## C. C. MORGAN, *Appellant,* v. B. L. EATON *et al., Appellees.*

1.  The Supreme Court has statutory authority to make rules of practice in the courts of this State. Rule 20 of the Supreme Court Rules was adopted to regulate the filing of briefs so that causes may be disposed of in due course and without delay as contemplated by the constitution and statutes. This and all other rules of the court are binding on the court and on its clerks, as well as on litigants and their counsel.

2.  The provision of Rule 20 requiring the appellant to file four copies of his brief, and making it the duty of the clerk of this court to immediately transmit one copy to opposing counsel, being designed to secure the receipt by opposing counsel of such copy, the practice of the court is to accept in lieu of the fourth copy an affidavit or other sufficient evidence that the copy had been sent to or delivered to opposing counsel.

3.  The rule requires the appellee within twenty days after the filing of the briefs for appellant to file here four copies of his brief, one to be sent to counsel for appellant, and the right of appellee to file briefs here is subject to this rule. If appellee's briefs are not presented for filing within the time fixed by the rule, the clerk is not authorized to file the briefs except upon an agreement in writing from opposing counsel recognized by the court, or by order of this court permitting the briefs to be filed.

4.  While Rule 20 prescribes the time within which briefs may be filed as of right, the rule provides that "the court may, for good cause shown, grant further time to either party for filing briefs," and the court is liberal in reasonably extending the time.

This case was decided by the court En Banc.

Appealed from the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*George M. Powell* and *E. C. Pelot,* for Motion.

WHITFIELD, C. J.—On January 11, 1910, the return day of the appeal entered in this cause the appellant filed three copies of his brief together with an affidavit that a copy of his brief had been served upon counsel for the appellees. On February 11, 1910, counsel for the appellees presented for filing four copies of their brief, but the clerk of this court declined to file appellees briefs except by consent of opposing counsel or by an order of the court as the briefs were tendered for filing after the time allowed by the rules of this court. Counsel for appellees now move for leave to file their briefs, notice of the motion having been given to counsel for appellant as required by the rules of this court. It is contended that the clerk of this court should have filed the briefs when first tendered for filing (1) because only three copies of the appellant's brief were filed, an affidavit as to the service of the fourth copy on opposing counsel being filed in lieu of the fourth copy that is usually sent to the clerk to be forwarded to opposing counsel under the rule, (2) because the rule does not visit a penalty upon the appellees for not filing briefs within the time fixed by the rule, and (3) because the clerk should file briefs whenever offered for filing in a pending cause.

Rule 20 of the Supreme Court Rules as amended July 18, 1908, is as follows: "All briefs filed in this court shall be printed or clearly and legibly typewritten. The plaintiff in error or appellant shall, within thirty (30) days after the return of the cause, file with the clerk of this court four copies of his brief on the points relied on, in accordance with and confined to the distinct specifications of error contained in his assignments of error, and each ground of error insisted on shall be argued and separately presented and numbered in proper order, with citations of the authorities relied upon in support thereof. In cases where any contentions on the evidence are made·

reference to the pages of the transcript where such evidence may be found must be made. The clerk shall immediately transmit one of such copies to the opposing counsel, and the other three copies shall be filed. The defendant in error or appellee shall, in like manner and within twenty (20) days after the filing of the briefs for the plaintiff in error or appellant, file with the clerk of this court four copies of his brief, one of which shall be immediately transmitted by the clerk to the attorney for the plaintiff in error or appellant.

The plaintiff in error or appellant shall within ten (10) days after the filing of the briefs of the defendant in error or appellee file three copies of such reply to his adversary's brief as he may desire for the use of the court. Should the plaintiff in error or appellant fail to file his briefs as provided by this rule, the cause may be dismissed on motion of the defendant in error or appellee, or by the court of its own motion. The court may, for good cause shown, grant further time to either party for filing briefs. After a case has been submitted upon briefs as provided by this rule, no supplemental briefs will be permitted to be filed without the consent of parties or special order of this court. This rule shall apply to criminal cases."

This and all other Rules of the court are binding on the court and on its clerk, as well as on litigants and their counsel.

The provision of the rule requiring the plaintiff in error or appellant to file four copies of his brief, and making it the duty of the clerk to immediately transmit one of such copies to the opposing counsel, is to make sure that opposing counsel gets a copy. This being the purpose of the rule it has been the invariable practice of the court since the adoption of the first rule of this nature in 1895, to be found in 35 Fla. 10, to accept in

lieu of the copy of the brief intended for opposing counsel, an affidavit or other sufficient evidence that the copy had been sent or delivered to opposing counsel. This practice is pursued by a large proportion of counsel in this court. In such cases the clerk of this court is not required to advise the opposing counsel of the filing of the briefs.

The rule expressly provides that "the defendant in error or appellee shall in like manner and within twenty (20) days after the filing of the briefs for the plaintiff in error or appellant, file with the clerk of this court four copies of his brief, one of which shall be immediately transmitted by the clerk to the attorney for the plaintiff in error or appellant." * * * "The court may, for good cause shown, grant further time to either party for filing briefs."

In Chamberlain v. Lesley, 39 Fla. 452, text 456, 22 South. Rep. 736, it is correctly stated that "the rules require an appellee to file briefs with us, though no penalty is named for his failure to do so." This court has statutory authority to make rules of practice in this and other courts of the State. Section 1740 General Statutes of 1906. Under this authority the rule requiring appellees in this court to file briefs as above shown was formulated and promulgated, and it is binding on the court, its clerk and litigants and counsel. While it is true no penalty is imposed upon appellees for failure to file briefs, the right of appellees to file briefs is subject to the rule above quoted. If appellees do not present their briefs for filing within the time specified in the rule the clerk is not authorized to file the briefs except upon consent of opposing counsel in writing or by order of the court. The rule provides that "the court may, for good cause shown, grant further time to either party for filing briefs." Where briefs are presented after the time al-

lowed by the rule, whether by the appellant or the appellee, they should be accompanied by a consent from opposing counsel or by a motion for leave to file upon good cause shown, due notice having been given of the motion as required by the rules. The court has been liberal in granting such motions. When a consent to file briefs after time is seasonably presented it is recognized by the court and the briefs allowed to be filed without a formal motion. This rule and the practice thereunder are necessary for maturing causes upon the docket so that causes may be disposed of in due course and without delay as contemplated by the constitution and statutes. The clerk properly declined to file the briefs for appellees presented after the time fixed by the rules in the absence of a written consent of opposing counsel or an order of this court.

Notice of this motion for leave to file briefs for the appellees having been duly served and no objection being made to the motion and it being reasonable, is hereby granted.

All concur except SHACKLEFORD, J., absent.