JOSEPH PLATT, *Appellant, v.* E. A. MILLER, *et al., Appellees.*

## Opinion Filed July 8, 1916.

1. Where a bill in chancery is filed for the enforcement of a mortgage lien and the defendants file their answer thereto wherein they suggest that the bill is defective for want of parties, the better practice is for the complainant to set down the cause for argument upon that objection only, in accordance with the course prescribed in Equity Rule 33, but where the complainant sets the cause down for a hearing upon the

bill and answer and it is obvious that the bill is not defective for want of necessary parties as complainants and also that the answer constitutes no defense to the bill, it is error to render a decree dismissing the bill, even though it be done without prejudice.

2. Where M. and his wife execute a mortgage in proper form to P. to secure the payment of a promissory note executed by M. to ·P., P. has the right to file his bill as complainant for the enforcement of the mortgage lien. The fact that other persons might have some interest in the proceeds, whether as partners of P. or otherwise, does not concern M. and his wife who are made defendants to a bill for the enforcement of such lien.

Appeal from Circuit Court, Taylor County; M. F. Horne, Judge.

Decree reversed.

*Davis & Diamond,* for Appellant;

*Wm. T. Hendry,* for Appellees.

SHACKLEFORD, J.,—Joseph Platt filed his bill in chancery against E. A. Miller and Zulah Miller, his wife, for the enforcement of a mortgage lien upon certain described parcels of land, all crops grown thereon in the year 1915, and also upon a certain described horse. The bill of complaint is in the usual form and alleges the execution by the two defendants of the mortgage to Joseph Platt, the proper acknowledgment thereof and the due recordation of the same in the public records of Taylor County. It is further alleged that such mortgage was executed by the defendants for the purpose of securing the payment of a promissory note, dated the 13th day of January, 1915,

for the sum of $227.25, payable to Joseph Platt or order on the 1st day of November, 1915, with interest after date at the rate of ten per cent. per annum, and that no part of such amount had been paid, although the date of payment thereof had long since passed. Copies of the note and mortgage were duly attached as exhibits to the bill and made parts thereof.

The defendants filed their answer to the bill, which, omitting the caption and formal parts, is as follows:

"These defendants say that there is a non-joinder of parties complainant in this: W. N. Platt, R. B. Shuman and Joseph Platt are parties trading and doing business as 'Joseph Platt,' and that the alleged mortgage and note were executed in favor of and on account of an indebtedness due the partnership; wherefore defendants say that R. B. Shuman and W. N. Platt are necessary parties complainants.

"II.

"That no crops were raised by said E. A. Miller during the year 1915 on the lands described in said bill and mortgage.

"These defendants having answered fully, truthfully and correctly pray to be discharged with their reasonable costs in this behalf expended."

The answer was duly signed and sworn to by each of the defendants. The complainant set the cause down for a hearing upon bill and answer. The transcript discloses that "Pending argument, plaintiff moved to withdraw order and to refer to a master to take evidence," and that also "pending argument," the complainant filed a motion for leave to amend his bill by making R. B. Shuman and W. N. Platt, who were averred in the answer to be neces-

sary parties, co-complainants. The court thereupon rendered the following decree:

"This cause came on to be heard upon notice of final hearing upon bill and answer (Not under rule 33.) and was argued by counsel and upon consideration the court was of the opinion that the answers would avail defendants, thereupon plaintiff moved for a reference, and the court being of the opinion that no sufficient cause was shown therefor the motion was overruled, the plaintiff then moved for leave to amend bill as to parties, and the court being of opinion that the plaintiff could have the privilege of amendment under Rule 33, but not having set the case down for hearing, upon the defendant's objection for want of parties, said application is overruled, and it is considered ordered and decreed that complainant's bill be dismissed without prejudice at plaintiff's cost.

"Done and ordered at Jasper, Florida, January 15th, 1916."

From this decree the complainant has entered his appeal. Equity Rule 33, referred to in the decree, reads as follows: "When the defendant shall by his answer suggest that the bill is defective for want of parties, the plaintiff shall be at liberty, within fourteen days after answer filed, to set down the cause for argument upon that objection only, and the purpose for which the same is so set down shall be notified by an entry, to be made in the clerk's order book, in the form or to the effect following; that is to say: 'Set down upon the defendant's objection for want of parties.' And where the plaintiff shall not so set down his cause and have his objection heard, but shall proceed therewith to a hearing, notwithstanding an objection for want of parties taken by the answer, he shall not, at the hearing of the cause, if the defendant's objection shall then be allowed, be entitled, as of course, to an

order for liberty to amend his bill by adding parties.    But the court, if it thinks fit, shall be at liberty to dismiss the bill."

Undoubtedly it would have been the better practice for the complainant to have pursued the course prescribed in this rule, but we think that it is obvious that the bill is not defective for want of necessary parties as complainants and also that the answer constitutes no defense to the bill. As the defendants executed the mortgage to Platt to secure the payment of a promissory note executed by one of the defendants to Platt or his order, Platt had the right to file his bill as complainant for the enforcement of the mortgage lien.   The fact that other persons might have some interest in the proceeds, whether as partners of Platt or otherwise, did not concern the defendants.   There would seem to be no occasion for amending the bill by making R. B. Shuman and W. N. Platt co-complainants, but as the complainant offered to do so in order to meet the objection of the defendant's leave should have been granted him to make such amendment.   As we have already said, we do not think that the answer sets up any valid defense to the bill.   The complainant would seem to be entitled to a decree.   We do not see wherein Chapter 6907 of the Laws of Florida (Acts of 1915, Vol. 1, page 245), which is cited to us, has any applicability to this case. ·

The decree is reversed.

TAYLOR, C. J., and COCKRELL, WHITFIELD and ELLIS, JJ., concur.