BERTHA KEEN, *Appellant,* v. W. R. POLK and JOHN THORNTON, *Appellees.*

## Opinion Filed July 25, 1916.

EQUITY PRACTICE—HOW ABSENCE OF CIRCUIT JUDGE SHOULD BE SHOWN BEFORE ANOTHER JUDGE SHOULD ACT IN HIS STEAD— SETTING CHANCERY CAUSE DOWN FOR HEARING ON BILL, PLEA AND ANSWER BEFORE THE CAUSE IS AT ISSUE.

1. Before the judge of one circuit should act in a cause pending in another circuit because of the absence of the judge of such other circuit, the fact of such absence should be made to appear at least by the *sworn affidavit* of some person who knows of such absence, and not simply by the bare unverified certificate of counsel in the cause.

2. Where a chancery cause is not at issue because no replication to the answer has been filed, and the time for taking testimony has not begun to run; under the chancery rule in such a case the *defendant* has no right to set the cause down for hearing on bill and answer.

Appeal from Circuit Court, DeSoto County; F. A Whitney, Judge.

Decree reversed.

*J. H. Hancock,* for Appellant;

*C. C. Morgan,* for Appellees.

PER CURIAM.—To the bill filed in this cause the defendants below interposed pleas and also answered the bill. Without any disposition of the plea, and without any replication being filed to the answer, the defendants' attorney gave only three days' notice to the complainant's

attorney that he would apply to the judge of an adjoining circuit, because of the absence from his circuit of the judge presiding where the cause was pending, for a final hearing of the cause on the bill, answer and pleas. The counsel for the defendants in order to secure this hearing before the judge of such adjoining circuit, simply *certified* that the judge of the circuit where the cause was pending was absent from the State, without solemnizing such certificate with his own or the oath of any one else. The judge of such adjoining circuit on this showing heard the cause and rendered a final decree dismissing the complainant's bill.

This was erroneous : ( 1 ) Because where the judge of one circuit acts in a cause pending in another circuit because of the absence of the judge of such other circuit, the fact of such absence should be made to appear at least by the sworn affidavit of some person who knows of such absence, and not simply by the bare unverified certificate of counsel in the cause. ( 2 ) It was erroneous further because the cause was not at issue, no replication to the answer having been filed, and the time for the taking of testimony had not begun to run, and under the rule in such case the defendants had no right to set the cause down for hearing on bill and answer. Gary v. Mickler, 21 Fla. 539.

The decree appealed from is, therefore, hereby reversed at the cost of the appellees.

TAYLOR, C. J. and SHACKLEFORD, COCKRELL, WHITFIELD and ELLIS, JJ. concur.