MIAMI HARDWARE PAINT AND GLASS COMPANY, A CORPORATION, *Appellant*, v. MAGIC CITY BUILDING COMPANY, A CORPORATION, AND MAGIC CITY UNDERWRITERS INCORPORATED, A CORPORATION, AND JOEL N. OSTEEN, *Appellees.*

Division A.

Opinion Filed June 20, 1928.

*H. Pierre Branning* and *J. R. B. Clemons*, Attorneys for Appellant;

*Ross Williams*, as *amicus curiae*.

PER CURIAM.—After the two original defendants had filed their joint answer, the complainant filed a demurrer to the fourth "count" of the answer. This paragraph of the answer alleged that the mortgage sought to be foreclosed was without consideration and prayed that the same be declared void and cancelled. Demurrer was not the method of attacking this portion of the answer. The proper method was by exceptions, or by motion to strike out under the statute. Oneida Land Co. v. Richards, 73 Fla., 884, 75 So. R. 412; Sec. 3122 and 3124 Rev. Gen. Stats. This demurrer was set down for hearing, but the record does not show that any hearing or ruling thereon was had.

Thereafter a third party, Joel N. Osteen, was permitted to intervene and file an answer. The major portion of this so called answer was in the nature of a cross bill, or counter-claim, seeking affirmative relief as against both the complainants and the other two defendants, based on entirely new matter, which was not responsive to the bill. Whether such new matter and affirmative relief were of such a nature as could be set up and claimed in this case, we are not called upon, or probably authorized, to decide on this record. None of the answers were sworn to. No replication was filed. Osteen's answer did not ask for process against his codefendants, nor does it appear that they or their solicitors were served with a copy of same under Sec. 3121 Rev. Gen. Stats., nor was there any decree *pro confesso* attempted to be taken under such section.

Several months later defendant Osteen set the cause down for final hearing upon the bill of complaint and

the answer of the defendants, and on such hearing the court rendered a final decree, finding the complainant not entitled to relief, but that Osteen was entitled to the affirmative relief prayed by him, adjudging the mortgage null and void, and freeing the property of the lien of same. From this decree the complainant took this appeal.

It appears therefore that the cause was not properly at issue when the hearing was had and decree rendered. (See Rule 85 of Chancery Practice.) Furthermore, no proof was made to sustain the new matter set up in Osteen's cross-bill or counter claim, or the matter of that nature alleged in the answer of the other defendants.

When an equity cause is heard upon bill and answer, the averments in the answer of new matter not responsive to the bill that are not proven, cannot avail the defendant. Griffith v. Henderson, 55 Fla., 625, 45 So. R. 1003; Florida Chanc. Jurispr., 312; Watson v. Blain, 73 Fla., 255, 74 So. R. 317. The bill waived oath to the answer of the original defendants, but it is doubtful that this waiver could be held to have extended to the intervening defendant. Ballard v. Kennedy, 34 Fla., 483, 16 So. 327; Fla. Chanc. Jurisp., 302. And the cause not being at issue, the intervening defendant did not have the right to set the cause down for hearing on bill and answers, though the complainant could have done so. Rule 85 Chanc. Prac., Gary v. Mickler, 21 Fla., 539; Lee v. Bradley Co., 44 Fla., 787; Johnson v. Sumner, 82 Fla., 377; Keen v. Polk, 72 Fla., 106; Goodyear Co. v. Daniel, 72 Fla., 489; 21 C. J., 578. The chancellor erred in granting the affirmative relief without proof.

Reversed and remanded.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.