J. P. Esch, Walter C. Hardesty, Charles O. Carter, A. Vandevord, C. A. Ballough, John A. VanValzah, J. H. Krusen, Isaac H. Sawyer, J. G. Gardner and Anna B. Gove, *Appellants*, v. Davis Forster, B. B. Baggett, H. A. Paul, individually and as members of the Board of Commissioners of Daytona-New Smyrna Inlet District, and D. P. Smith, individually and as Tax Collector of Volusia County, Florida, *Appellees*.

Division A.

Opinion filed April 2, 1930.

Petition for rehearing denied April 30, 1930.

*Stewart & Stewart,* for Appellants;

*Sholtz, Green & West,* for Appellees.

ELLIS, J.—A special taxing district known as "Daytona and New Smyrna Inlet District," to embrace the territory within the territorial boundaries of County Commissioners' Districts numbered Four and Five, was created by a special act of the Legislature in 1925. See Chapter 10448 Laws of Florida, Special Acts 1925.

The governing body of the District consisted of three persons who were to be elected and such governing body was known as the "Board of Commissioners" of the District by name. The Board was authorized to improve and construct a waterway connecting the waters of the Halifax and Indian Rivers with the Atlantic Ocean near Mosquito Inlet. It was vested with powers of a body corporate to acquire and hold property, to exercise the power of eminent domain and to levy a tax for the year 1926, and succeeding years of five mills on the dollar upon real and personal property of the District. It was authorized to borrow money and issue bonds in a sum not exceeding $1,500,000. but the issuing of the bonds was made to depend upon the approval of the qualified electors of the District, who were tax payers, at an election to be called for that purpose.

The act was made to take effect upon its being ratified and approved by a majority of the "electors" at an election to be called within four months to be participated in by the qualified electors of the District who pay a tax on real or personal property.

During the same year at the Extraordinary Session of the Legislature Chapter 10448, *supra,* was "amended and reinacted" by Chapter 11791, Laws of Florida. The Board of Commissioners were named in the latter act to serve until January 1, 1927, and their successors were to be elected at the general election in 1926, who were to hold office for four years. The Board was vested with

the same powers and was authorized to levy a tax upon the real and personal property for the year 1926 and subsequent years. No limit was prescribed as to the millage to be levied. It was authorized to issue bonds in the sum of $1,500,000. subject to approval by the qualified electors of the District, who are tax payers, at an election to be called as the act prescribed.

This act was passed November 30, 1925. The former act was ratified at an election held in October, 1925.

A proceeding was brought to validate $1,500,000. of six per cent bonds proposed to be issued under Chapter 11791, *supra*. A decree of the Circuit Judge validated and confirmed the issue of bonds. An appeal from that decree to this Court by an intervenor was taken and the Court held that the statute exceeded legislative authority; the opinion declaring that a statutory enactment that violates a controlling provision or principle of organic law is mere legislation, not law. The provisions of the act creating the District, providing for the governing body, the powers vested therein, the work to be accomplished, the power to levy taxes, to borrow money, to issue bonds and sell the same, being sections numbered one to eleven inclusive and sixteen and twenty-two were quoted in full in the opinion. See Stewart v. Daytona and New Smyrna Inlet District, 94 Fla. 859, 114 So. R. 545.

In March, 1928, J. P. Esch and other exhibited their bill in chancery in the Circuit Court for Volusia County against Davis Forster and others as members of the Board of Commissioners of Daytona and New Smyrna Inlet District for a return of the taxes collected in the district for the year 1926 to the persons who paid taxes in that district levied under the provisions of Chapter 11791, *supra*. In July, 1928, a second amended bill was filed by complainants. It is unnecessary to set out in detail the

contents of that bill. It rests upon allegations that a tax for the year 1926 was levied by the Board upon property in the District and was collected to the amount of $135,-000; that the complainants are owners of real and personal property in the district and paid the taxes assessed against their property under the compulsion of having their property sold if they declined to pay; that the Commission, constituting the Board and who were named as defendants, collected and received the money collected upon such tax levy.

The theory of the bill is that by reason of the decision of this Court in Stewart v. Daytona and New Smyrna Inlet District, *supra*, the District never had any legal existence, the Board of Commissioners are not officers de jure or de facto, that they are mere trustees in possession of funds unlawfully taken from the complainants and others situated like them. The bill sought an accounting, the appointment of a receiver to take over the funds, and a distribution to the complainant and others who had paid the money under the circumstances alleged.

On the 28th of July an answer was filed by the defendant Commissioners in which a demurrer to the bill was incorporated. The Tax Collector also filed an answer.

On the 31st day of July the complainants moved for the appointment of a receiver according to the prayer of the bill. On the same day a motion to strike part of the answer of the Commissioners was made.

On August 4th the Chancellor denied the motion to strike portions of the answer. He overruled the demurrer incorporated in the answer, heard the case on bill and answer and dismissed the bill.

On the 29th of August the complainants filed a petition for a rehearing in which it was alleged that the cause had not been set down on bill and answer, urged the

right to be heard upon the questions of fact and law presented by the bill, alleged that the court heard the case on bill and answer before the demurrer and motion to strike were disposed of and failed to observe the rules of chancery practice in the proceeding. The petition was denied and the complainants took an appeal from both decree and order.

Rules 85 and 86 of the Rules of Circuit Court Equity Actions provide for the setting of causes down for hearing by either party after the cause is at issue and the time for taking testimony has elapsed; also after testimony has been taken, and that the complainant may as of course set the cause down for hearing on bill and answer. Those rules provide how such actions may be taken. After the cause is set down for hearing by complainant on bill and answer either party may on notice to the adverse party have the cause heard on a day named in the notice.

Causes in court should be conducted in an orderly manner in accordance with the rules prescribed.

While it is the duty of the court to facilitate and not retard the determination of causes, Crawford v. Gilchrist, 64 Fla. 41, 59 So. R. 963, the rules are made to enable the court to perform that duty. The burden of proving that observance of the rules of practice has been waived is upon the party claiming the waiver. See Williams v. Pitt, 38 Fla. 162, 20 So. R. 936.

The appellate court is bound by the rules. See Merchants National Bank v. Grunthal, 39 Fla. 388, 22 So. R. 685.

All rules are binding on the court and its clerk as well as on litigants and their counsel. Morgan v. Eaton, 59 Fla. 557, 51 So. R. 814.

Without intimating any views that the court may entertain concerning the merits of the litigation in this cause

we do think that questions are presented which merit consideration and which the complainants should have had the opportunity of discussing as fully as was necessary before the chancellor. They should not have been so summarily shut off from the presentation of their case on the facts presented by the bill and the admissions of the answer.

For that reason, we reverse the decrees and orders from which the appeal was taken and direct the complainants to, proceed with the taking of testimony if they so desire within twenty days from the date of the mandate herein or set the cause down for hearing on bill and answer and proceed with an orderly disposition of the case according to the rules of court.

TERRELL, C. J., AND BROWN, J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.