EDWARD L. BAILEY, et al, *Appellants*, vs. THE AMERICAN TRUST COMPANY, a corporation, et al., *Appellees.*

Division A.

Opinion filed April 1, 1931.

*G. P. Garrett*, for Appellants;

*Milam, McIlvaine & Milam*, for Appellees.

BUFORD, C.J.—This suit was brought to foreclose a mort-

gage securing certain promissory notes. The appeal is from the order of the Court denying the motion of the defendants Edward L. and Evelyn H. Bailey to strike the amendment to the bill of complaint and overruling the demurrer addressed to the bill of complaint as amended. By the amendment to the bill of complaint Edward W. Lane was made a party complainant. This amendment was made on motion of the originally named complainant pursuant to the amended answer of Edward L. Bailey, wherein it was alleged as follows:

"With reference to the averments in the bill as to the ownership of the notes and mortgage here sought to be foreclosed, defendant Edward L. Bailey denies the same because he avers upon information and belief, that Edward W. Lane of Jacksonville and the Atlantic National Bank of Jacksonville, Florida, have and claim an interest in the notes secured by the mortgage herein sought to be foreclosed by the American Trust Company, and therefore the American Trust Company is not the owner and holder thereof, but that there are other owners and holders of interest thereunder, who are not parties to this suit and ought to be made parties hereto in order that their rights may be adjudicated, and in order that the claims and agreements between the said parties and Edward L. Bailey may be worked out in a proper decree protecting all the parties."

It appears that the question raised by the appellants in regard to the propriety of the amendment to the bill of complaint by making Edward W. Lane a party thereto has been decided by this Court adversely to appellants' contention. See Platt vs. Miller, et al, 72 Fla. 92, 72 Sou. 482, in which case the Court say:

"As the defendants executed the mortgage to Platt to secure the payment of a promissory note executed by one of the defendants to Platt or his order, Platt had

the right to file his bill as complainant for the enforcement of the mortgage lien. The fact that other persons might have some interest in the proceeds, whether as partners of Platt or otherwise, did not concern the defendants. There would seem to be no occasion for amending the bill by making R. B. Shuman and W. N. Platt co-complainants, but as the complainant offered to do so in order to meet the objection of the defendants, leave should have been granted him to make such amendment.''

It is contended before the Court that Evelyn H. Bailey is not a proper party to this suit. This question, however, is not presented by the appeal, unless we assume that it is raised by the general demurrer to the amended bill of complaint, and if we assume this to be the contention, there is no merit in it because the bill of complaint alleges that the mortgage sought to be foreclosed was executed by the defendant Edward L. Bailey and his wife, Evelyn H. Bailey, to secure the payment of the notes therein described and the mortgage, copy of which appears to have been attached to the bill of complaint appears to have been executed by both Edward L. and Evelyn H. Bailey. And so it is, that so far as is shown by the bill of complaint, Evelyn H. Bailey is a proper party to the suit and her rights, privileges or immunities may be determined on final adjudication.

The entry of appeal in this case was on the 27th day of June, 1928. On July 14th, 1928, appellee filed cross-assignments of error, attacking the order of the court made July 9th, 1928, vacating the appointment of a Special Master. This order having been made subsequent to the entry of appeal, it is not reviewable here upon a cross assignment of error based upon that appeal. Therefore, the cross assignments of error will not be considered.

No reversible error appearing in the orders appealed from, the same should be affirmed and it is so ordered.

Affirmed.

ELLIS AND BROWN, J.J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.