WILLIAM L. PHILLIPS, joined by his wife, RUBY D. PHILLIPS, and WEAVER-LOUGHRIDGE LUMBER COMPANY, a corporation, *Appellants,* vs. ALICE M. LINDSAY, joined by her husband, J. N. LINDSAY, *Appellees.*

136 So. 666.

En Banc.

Opinion filed September 19, 1931.

*Jefferson D. Stephens,* for Appellants;

*L. K. Carruthers,* for Appellees.

.DAVIS, COMMISSIONER.—The appellees, Alice M. Lindsay, joined by her husband, J. N. Lindsay, as complainants in the court below filed a bill for the foreclosure of a mortgage given to complainant, Alice M. Lindsay by the appellants, William L. Phillips and wife, Ruby D.

Phillips. The appellant, Weaver-Loughridge Lumber Company was also made a party defendant to the bill.

The defendants, William L. Phillips and Ruby D. Phillips, by their amended answer, interposed the defense of usury and averred that complainants had forfeited both principal and interest and prayed that it be so declared by decree of the Court. The defendant, Weaver-Loughridge Lumber Company, also answered the bill and therein denied the right of complainants to the relief prayed for in the said bill and upon information and belief alleged "that amount of said alleged note and mortgage contains excessive, illegal and usurious interest or bonus prohibited by the laws of the State of Florida, which said excessive, usurious and unlawful interest renders the said alleged note and mortgage illegal, void and uncollectable."

The answer of Weaver-Loughridge Lumber Company set up, presumably as a counterclaim, the execution and delivery to it, said Weaver-Loughridge Lumber Company, by the defendants, William L. Phillips and wife, Ruby D. Phillips of a note and mortgage. This mortgage purports to create a lien upon the property described in the mortgage to complainant, Alice M. Lindsay and it appears upon the face thereof that it is "subject to a first mortgage" in favor of Alice M. Lindsay, giving the date, amount secured and due date, all of which tallies with complainant's mortgage, but the answer contains a denial that the Weaver-Loughridge Lumber Company's mortgage is inferior to complainant's mortgage.

The Weaver-Loughridge Lumber Company prayed that the mortgage of complainant be declared void and non-enforceable; that should the court find that complainant's mortgage is not void and is collectable, that said defendant be declared to have a second lien on the property involved; that if the court should find the complainant's mortgage is non-enforceable, that the defendant, Weaver-

Loughridge Lumber Company have a foreclosure of its mortgage in the usual way to satisfy the debt due said defendant together with costs, taxes paid and interest, but in the event it should be held that said defendant's mortgage is a second lien that the proceeds of sale over and above amount found to be due complainants, or as much as may be necessary be applied to the debt due the defendant, Weaver-Loughridge Lumber Company and for general relief.

Weaver-Loughridge Lumber Company, in its answer, did not pray for process against its co-defendants William L. Phillips and his wife, Ruby D. Phillips, and the transcript does not show that they were served with a copy of such answer as provided by Section 4907 (3121) Compiled General Laws of Florida, 1927, or that they, William L. Phillips and wife, Ruby D. Phillips, filed a reply to the said counterclaim, or that a decree *pro confesso* had been entered against William L. Phillips and wife on the counterclaim.

On the 11th day of December 1928, complainants filed a general replication to "said answer" and on May 24th following the court made an order enlarging the time for taking testimony to and including the 11th of October 1929. On October 26th, 1929, motion was served on solicitor for the defendants notifying them that a date had been secured for "final hearing" of the cause on Nov. 5th, 1929, on which date the parties appeared before the chancellor and the defendants objected to the taking of testimony and moved the court to dismiss the *suit*.

The court it appears stated verbally that he would grant the motion but before entering it, he would determine whether or not such dismissal would be "without prejudice." On April 22nd, 1930, an order was filed dismissing the cause *without prejudice*. The record is silent as to whether or not the cause had been set down

for a hearing, but it appears from statement of the chancellor that it had not been set down for hearing on bill and answer. It seems to be agreed here that the question involved upon this appeal turns upon the insertion of the words "without prejudice" in the decree of dismissal.

"Rules 85 and 86 of the Rules of the Circuit Court Equity actions provide for the setting of causes down for hearing by either party after the cause is at issue, and the time for taking testimony has elapsed, also after testimony has been taken, and that complainant may as of course set the cause down for hearing on bill and answer. Those rules provide how such actions may be taken." Esch vs. Forster, 99 Fla. 717, 127 So. 336.

If the affirmative averments of the answers of the defendants did not assert a set-off or counterclaim, no reply was required without special order of the Court or judge, and the cause was at issue upon the filing of such answers (Section 4907 (3121) Compiled General Laws, 1927; Hitchcolk vs. Mortgage Securities Corporation, 95 Fla. 147, 116 So. 244, 253.

The burden of proving that observance of the rules of practice has been waived is upon the party claiming the waiver. Esch vs. Forster, *supra.*

This court has held that "it is within the sound judicial discretion of the chancellor to dismiss without prejudice a bill of complaint in equity, thereby enabling the complainant to relitigate the matter in controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling." Veillard vs. City of St. Petersburg, 87 Fla. 38, 100 So. 163; Tilghman Cypress Company vs. Young Company, 60 Fla. 382, 53 So. 939; Meffert vs. Thomas, 51 Fla. 492, 40 So. 764.

In Meffert vs. Thomas, *supra,* the cause was heard upon

motion of the defendant upon the bill, answer and replication, no testimony having been taken by either party within the time allowed by the rules, and the court said where "the cause is such that the merits cannot be passed upon justly and equitably in the absence of evidence, dehors the pleadings, it is within the sound discretion of the chancellor to dismiss the bill without prejudice to the rights of the complainant, thereby enabling him to relitigate the matter in controversy, and an appellate court will not adjudge such ruling to be error, unless it is made clearly to appear that the judicial discretion thereby exercised has been abused to the material detriment of the party affected by the ruling." See also, Mershon vs. Barnard, 79 Fla. 253, 84 So. 95; Demos vs. Walker, 99 Fla. 302, 126 So. 305.

A court of equity, however, may not dismiss an equity cause without prejudice if the defendant has entitled himself to affirmative relief, or to a hearing and disposition of the case on the merits, or has acquired some substantial right in the cause, or will be specially prejudiced by a dismissal, or where unnecessary and prolonged litigation is apparent, or an agreement will be violated, or where it is inequitable. Tilghman Cypress Company vs. John R. Young Company, *supra*, and cases therein cited.

Here it has not been shown that the complainants waived the requirements of said rule 85, but if it could be successfully contended that they waived the formal setting down of the cause under the rule and it was called up for a hearing upon bill and answer, or bill, answer and replication, and the court, upon motion of defendants dismissed the suit, the fact that the suit was dismissed "without prejudice" was not such an abuse of discretion as to justify this court in reversing the decree, unless the defendants were entitled to affirmative relief. The averments of the answer setting up new affirmative matter, not responsive to the bill, could not

avail the defendants. (Miami Hardware, Paint and Glass Company vs. Magic City Building Company, 96 Fla. 32, 117 So. 704.)

The defense of usury having been set up by the defendants, the burden of proof was on them to establish it. Tucker vs. Fouts, 73 Fla. 1215, 76 So. 130.

If we assume, without deciding, that the answer of Weaver-Loughridge Lumber Company properly asserted a counterclaim and that under Sec. 4907 (3121) Compiled General Laws, 1927, the allegations of such answer were sufficient to entitle said defendants to a decree foreclosing its mortgage, we must hold that the cause was not at issue at the time the motion to dismiss the suit was made, or at the time the decree upon such motion was entered. So far as we are advised, no effort was made to comply with the provisions of Rule 85 relative to serving a copy of the answer of Weaver-Loughridge Lumber Company and entering a decree *pro confesso*. When the motion to dismiss the suit was made, the parties were advised by the court that the motion would be granted but before entering the order he would "determine whether or not to add the words 'without prejudice.'" No objection was made by the defendants then or afterwards, prior to the rendition of the decree, to the court so qualifying the order or decree appealed from. Having been advised of what was in the mind of the court, the defendant, Weaver-Loughridge Lumber Company had ample opportunity to comply with the provisions of rule 85, but failed to act. Under the circumstances, if the court committed technical error in dismissing the suit, the defendants, appellants here, are not in a position to take advantage of such error (Borst vs. Gale, 99 Fla. 376, 126 So. 290), and the complainants did not appeal therefrom.

Finding no error in the decree appealed from, it will stand affirmed.

PER CURIAM.—The record in this cause having been con-

sidered by the court and the foregoing opinion prepared under Chapter 14553, Acts of 1929, adopted by the court as its opinion, it is considered, ordered, adjudged and decreed by the court that the decree of the court should be, and the same is hereby affirmed.

BUFORD, C.J., AND WHITFIELD, ELLIS, TERRELL, BROWN AND DAVIS, J.J., concur.