S. WHITEHURST, *Appellant,* v. C. D. MAY and LOLA MAY, his wife, *Appellees.*

148 So. 183.
Opinion filed May 6, 1933.
Re-hearing denied May 26, 1933.

*S. Whitehurst's Sons,* for Appellant;

*F. Y. Smith,* for Appellees.

DAVIS, C. J.—This was a bill for re-foreclosure of a purchase money mortgage against appellees who had by in-

advertence been omitted from the first foreclosure suit that had resulted in a decree for complainant, as assignee of the mortgage, against the original mortgagors.

Defendants C. D. May and wife, in this case claim title to part of the mortgaged property under a subsequently executed and recorded deed from the mortgagors. Their answer to the re-foreclosure bill is in substance that complainant S. Whitehurst is not entitled to foreclose against them now, because after the mortgage had been given by the original mortgagors to the original mortgagee on June 20, 1932, that on May 2, 1924, the original mortgagors, T. R. Craven and wife had deeded to C. D. May Lots 25 and 26 in Block 12, in the Town of Lacoochee, which was part of the mortgaged property and was omitted from the previous foreclosure suit and which property they had taken into their open, notorious, and exclusive possession and ever since that time had possessed and held.

The answer also attempted to join issue on some of the allegations of the bill, but failed to negative those facts alleged in the bill which, in the absence of contrary proof, would entitle complainant to a decree. For example, the answer avers that defendants were without knowledge of the complainant's alleged assignment of the mortgage, but in no respect does the answer deny other facts by which that assignment is shown, to-wit; the original foreclosure decree, the verity of exhibited assignment attached to and made a part of the bill, nor make any showing that complainants are not actual holders of the notes.

Other examples might be given to show that the answer while attempting denials in general terms, was to such effect that all the material facts entitling the complainants to a foreclosure were in law admitted to such an extent that on a hearing on bill and answer alone, complainants were entitled to a decree.

The recorded mortgage and notes sued on, the recorded assignment of the same, and the recorded deed made by the mortgagors to defendant C. D. May, under which the defendants May and wife claimed title to the mortgaged land, were attached to and made a part of the bill herein filed to re-foreclose the mortgage. The verity of neither of these papers is challenged by the answer directly, so their existence as genuine documents stands admitted on final hearing on bill and answer.

It is sufficient in an answer in equity to evade the issue involved in a bill's allegations as to the verity of recorded papers attached to and made a part of the foreclosure bill, by merely setting up "lack of knowledge" or "general denials" of allegations not going to the actual genuineness of the documents made a part of the bill. The plea of payment or discharge of the debt suggested in the answer, was an affirmative defense not incumbent on complainant to refute until defendant undertook to offer evidence in support of it.

The decree appealed from, which found the equities with the defendants at the hearing had on bill and answer after the time for taking testimony had expired was erroneous, and should be reversed on the authority of Miami Hardware, etc. Co. v. Magic City Bldg. Co., 96 Fla. 32, 117 Sou. Rep. 704; Platt v. Miller, 72 Fla. 92, 72 Sou. Rep. 482; Griffith v. Henderson, 55 Fla. 525, 45 Sou. Rep. 1003.

Reversed and remanded.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.