330 So.2d 62 (1976)
Peter B. ATWOOD, Appellant,
v.
Melvin A. FISHER et al., Appellees.
No. 75-782.
District Court of Appeal of Florida, Third District.
March 23, 1976.
Rehearing Denied April 26, 1976.
Devitt, Geiger, O'Neal & Booth, Ft. Lauderdale, Larry Klein, West Palm Beach, for appellant.
Shutts & Bowen, Miami and Brenton Ver Ploeg, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff, Peter B. Atwood, Esq., seeks reversal of an order dismissing with prejudice his second amended complaint for recovery of a $25,000 loan.
Peter Atwood, an attorney, agreed to loan the defendants, who are treasure hunters, $25,000 for 30 days and on January 3, 1973 he drew up the loan agreement providing that in exchange for lending defendants $25,000 for a period of 30 days, he would be entitled to receive a gold doubloon (value not less than $1,000). In addition, defendants were required to deposit with him as security for the loan, three gold bars (supposedly minted in Mexico in 1659) worth $7,000 each. The agreement was signed by both parties and Atwood tendered a $25,000 check to defendants, who in turn deposited the three gold bars. Defendants did not repay the loan and in June 1973 they left a second gold coin (supposedly of numismatic value of not less than $1,000) with Atwood to delay enforcement of the $25,000 debt. The defendants failed to repay the loan and plaintiff in August 1973 filed a complaint and eventually a second amended complaint for return of his $25,000. He alleged therein that the gold bars and coins were fakes and demanded punitive damages for fraud. Defendants filed a motion to dismiss the *63 second amended complaint on the ground that the January 3, 1973 loan agreement is usurious in that it calls for a payment of a gold coin with a value not less than $1,000, which is in excess of $12,000 per year (or annual interest rate of 48%) and, therefore, pursuant to Florida Statutes Chapter 687, plaintiff has forfeited both the interest and the principal. After hearing argument of counsel on this motion, the trial judge dismissed with prejudice plaintiff's second amended complaint.
Plaintiff on appeal principally argues that the transaction is not usurious inasmuch as the gold doubloon in fact was worth far less than $1,000, and the $25,000 given to the defendants represented an investment, not a loan. We cannot agree.
There must exist an intent on the part of the lender at the time the loan agreement is executed to get more than the legal interest and if the agreement is usurious at that time no subsequent transaction will purge it. Further, the requisite intent is satisfactorily proved if the evidence establishes that the charging or receiving of excessive interest was done with the knowledge of the lender. See Dixon v. Sharp, Fla. 1973, 276 So.2d 817.
The undisputed evidence reflects that plaintiff drew up the January 3, 1973 agreement which expressly provides that it is a loan and the gold doubloon, which would have a value of not less than $1,000, would be the consideration for the making of the 30 day loan. Thus, the agreement is usurious on its face and plaintiff, an attorney and the preparer of the agreement, knew, or at the very least should have known, it to be usurious. See § 687.071, Fla. Stat., F.S.A.
We also considered plaintiff's remaining points on appeal and find them to be without merit.
Affirmed.