362 So.2d 297 (1978)
Andrew A. SCHWAB, Appellant,
v.
Frank QUITONI and Charles Blackburn, Appellees.
No. 77-1154.
District Court of Appeal of Florida, Third District.
July 5, 1978.
Rehearing Denied October 6, 1978.
Fine, Jacobson, Block, Goldberg & Semet and Theodore Klein, Joseph J. Gersten, Miami, for appellant.
Von Arx & Lipscomb and J. Randolph Lipscomb, Miami, for appellees.
Before HENDRY, J., and CHARLES CARROLL (Ret.), and PARKER, J. GWYNN (Ret.), Associate Judges.
PER CURIAM.
This is an appeal by the defendant, Andrew A. Schwab, from a final money judgment in favor of plaintiffs Frank Quitoni and Charles Blackburn, in an action on a promissory note.
The record reflects that Schwab-Vittorino Development Corporation was a developer and builder of commercial and residential property in Dade County. Appellant Schwab, a dentist by profession, was secretary to the corporation. Appellees, Frank Quitoni and Charles Blackburn, loaned $37,000 to the corporation in a land development venture and received a promissory note signed as follows:
 "SCHWAB-VITTORINO DEVELOPMENT CORP.
 By s/ A.C. Vittorino as President (Seal)
 s/ Andrew A. Schwab (Seal)."
The note was secured by a mortgage given by the corporation on lands involved wherein Vittorino signed as president and Schwab as secretary of the corporation. In addition to the interest on the note, the mortgage contained provisions permitting appellees, the mortgagees, to participate in profits in the venture in the event that certain housing improvements were completed on the property and the housing units sold. Had mortgagees participated as expected, their return on the $37,000 loan would have been as high as thirty to thirty-five percent; but unfortunately the project failed and no houses were completed and sold before the mortgagees foreclosed the mortgage.
Final judgment was entered by the trial court which found that there was no usury; that Schwab had personally guaranteed payment to the appellees, having "... signed the promissory note with the intention of so doing ...;" and held that the appellees recover from both the corporation and Andrew A. Schwab, individually, the total sum of $43,871.78. Appellant *298 Schwab seeks reversal of the final judgment, contending (1) that he is not personally liable on the note, having intended to sign said instrument in a representative capacity as an officer of the corporation, and (2) that the note is usurious.
On the question of usury, appellees were to participate in the profits of the development venture in the event houses were built and sold on the land. The mortgage provided for this, but the note did not so provide. The project failed, so the opportunity to participate in the provision provided for in the mortgage never arose. Appellant has failed to prove his defense of usury. See Dezell v. King, 91 So.2d 624 (Fla. 1956); Atwood v. Fisher, 330 So.2d 62 (Fla.3d DCA 1976); Diversified Enterprises, Inc., v. West, 141 So.2d 27 (Fla.2d DCA 1962).
Regarding the execution of the note by the appellant, there is conflicting testimony as to whether or not he intended to personally guarantee it, or to sign it as an officer of the corporation. The documents were prepared by the attorney of Vittorino and appellant; the attorney was not present at the time of the execution of the documents and he did not advise appellant as to how to sign the note. The judgment appealed from is supported by competent substantial evidence and the judgment of this court should not be substituted for that of the trial judge who had the opportunity to personally observe all witnesses in their demeanor while testifying. A presumption of correctness attaches to the judgment appealed, and appellant has failed to overcome this presumption. See Herzog v. Herzog, 346 So.2d 56 (Fla. 1977); Shaw v. Shaw, 334 So.2d 13 (Fla. 1976); Tyrrell v. Tyrrell, 281 So.2d 221 (Fla.1st DCA 1973).
Accordingly, the final judgment herein appealed is affirmed.