462 So.2d 861 (1985)
Frank A. BAILEY, As a General Partner in N-Site Associates, a Florida General Partnership; Cuyahoga Equipment Corp.; Marvin Silverman, Samuel Berke, Jerome S. Morris, Harvey Kaiser, Herbert W. Brash, Clifford Bragman, Donald A. Ritholz, and William Dacy, As General Partners of 800 Ventura Associates, an Illinois General Partnership, Appellants, Cross Appellees, Cross Appellants,
v.
Leslie J. HARRINGTON, Paul Roepnack, John Dec, Charles B. Maddera, Andrew H. Warner, Carl Mayes, John W. Partridge, and Arthur Korfage, As Trustees of the Broward County Carpenter's Pension Fund, Appellees, Cross Appellants, Cross Appellees.
No. 83-2383.
District Court of Appeal of Florida, Third District.
January 29, 1985.
Cooper, Shahady, Frazier & Pugatch and Marshall Cooper, Fort Lauderdale, Lapidus & Stettin and Richard Lapidus, Miami, for appellants, cross appellees, cross appellants.
Cristol, Mishan & Sloto and Steven Mishan and Julie Feigeles, Miami, for appellees, cross appellants, cross appellees.
Before BARKDULL, HUBBART and BASKIN, JJ.
PER CURIAM.
The amended final judgment under review is reversed on the cross appeal only, and the cause is remanded to the trial court with directions to grant a mortgage foreclosure in the amount of the principal and interest due under the note, as prayed for in the complaint filed below by the plaintiff/cross appellant Leslie J. Harrington. We conclude that the trial court erred in striking the profit participation provision of the loan agreement herein, in refusing the requested mortgage foreclosure and in finding that the mortgage loan charged a usurious rate of interest. We reach this result based on the following, briefly stated, legal analysis.
The note in question charged an interest rate of 24.99% which was plainly not usurious as the amount of money loaned herein was in excess of $500,000. §§ 687.03(1), 687.071, Fla. Stat. (1983). The profit participation provision of the loan agreement did not, as the trial court found, charge any additional interest on the loan. It provided that the lender was entitled to share in 43% of the profits, if any, from the construction project which the loan financed. This payment cannot constitute additional interest on the loan as it was not payable at all if no *862 profits were realized from the project. Indeed, no profits were realized as the project entirely failed and all agree that no payment whatever is due under the profit participation provision. Moreover, this profit participation provision is expressly authorized by our usury statutes as not constituting additional interest, § 687.03(4), Fla. Stat. (1983), and has long been approved by well-established principles of usury law. Schwab v. Quitoni, 362 So.2d 297 (Fla. 3d DCA 1978).
The main appeal of the defendant/appellant Yenom Associates Corp. is rendered moot by our ruling today; so is the first point in the main appeal of the defendant/appellant Frank A. Bailey. The remaining point raised by the defendant/appellant Bailey has no merit.
Reversed and remanded.