ANNA BERESH *et al.* Defendants in Error, *vs.* THE SU-
PREME LODGE KNIGHTS OF HONOR, Plaintiff in Error.

*Opinion filed June 21, 1912—Rehearing denied October 3, 1912.*

1. LIMITATIONS—*when amended declaration does not set out a
new cause of action.* The fact that in the original declaration re-
covery is sought by the beneficiaries named in the benefit certificate
of a benefit society while in the amended declaration the right of
the plaintiffs to recover is not based on their designation in the
certificate as beneficiaries is not conclusive that the two declara-
tions set out different causes of action.

2. SAME—*what constitutes cause of action against benefit so-
ciety for death of member.* The cause of action against a benefit
society upon the death of a member is the obligation of the benefit
society to pay the benefit agreed upon with the member to a per-
son or persons eligible, under its constitution and by-laws, to be
designated as beneficiary.

3. SAME—*substitution of proper parties plaintiff in an amended
declaration introduces no new cause of action.* Where, in the origi-
nal declaration against a benefit society, recovery is sought by in-
eligible beneficiaries named in the benefit certificate, and later an
amended declaration is filed substituting proper beneficiaries des-
ignated by law, no new cause of action is introduced, as the cause
of action in both instances is the obligation of the society, under
its membership agreement with the deceased member and its con-
stitution and by-laws, to pay the benefit fund to some person or
class authorized to be named as beneficiaries.

4. BENEFIT SOCIETIES—*the benefit fund does not lapse because
of designation of ineligible beneficiary.* Where the person desig-
nated as beneficiary is outside of the eligible classes the benefit
fund will not lapse upon the death of the member, but the law
will dispose of it for the benefit of the classes authorized to be
designated as beneficiaries.

5. SAME—*obligation of benefit society to pay benefit fund is
not extinguished by designation of an ineligible beneficiary.* The
designation of an ineligible beneficiary by a member does not re-
lieve the benefit society of the obligation or liability to pay the
fund to anyone, but only relieves it of any liability to the person
designated.

6. SAME—*undertaking of benefit society is to pay benefit fund
to proper person.* A member may from several classes choose
the person he desires to be made beneficiary, and the undertaking
of the benefit society is that it will pay the amount agreed upon

to the person designated in the certificate if he is within the eligible classes, and if he is not, it will pay it to some proper person within the eligible classes.

7. INTEREST—*when interest is recoverable in action against a benefit society.* In an action against a benefit society, under an amended declaration, by the heirs of the deceased member, who are claiming the fund because the named beneficiaries are ineligible, the plaintiffs, if entitled to recover, are entitled to interest from the time the amended declaration was filed.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. JULIAN W. MACK, Judge, presiding.

ASHCRAFT & ASHCRAFT, (E. M. ASHCRAFT, of counsel,) for plaintiff in error.

KRAUS, ALSCHULER & HOLDEN, and THOMAS J. LAWLESS, for defendants in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

October 3, 1893, Eugene Beresh became a member of a subordinate lodge of plaintiff in error and a certificate for $2000 was issued to him, payable at his death to Otto and Freddie Goldberger, who were stated in the application of Beresh to be his nephews. Beresh died in December, 1893, and in 1895 Otto and Freddie Goldberger, for use of Anna Beresh, brought suit in the Cook circuit court against plaintiff in error and recovered a judgment for $2300, which was reversed by this court and the cause remanded. (*Supreme Lodge Knights of Honor* v. *Goldberger,* 175 Ill. 19.) On the case being re-instated in the trial court the plaintiff in error pleaded that the Goldbergers were not nephews of Beresh nor in any way related to or dependent upon him, and were not proper beneficiaries. Demurrers to these pleas were overruled, and on December 10, 1903, an amended declaration was filed, in which the widow, Anna Beresh,

and an adopted son of the deceased, Edward Beresh, were made plaintiffs. To the amended declaration plaintiff in error pleaded the five years Statute of Limitations. To this plea defendants in error filed three replications: (1) That the amended declaration stated the same cause of action as the original declaration; (2) that the amended declaration was filed within two years after Edward Beresh became twenty-one; and (3) that the action was on a written instrument and accrued within ten years. Demurrers were sustained to the first and third replications and overruled as to the second. Plaintiff in error elected to stand by its demurrer to the second replication, and judgment was rendered against it for $2525. The judgment having been affirmed by the Appellate Court, the case is brought to this court for review by *certiorari.*

Plaintiff in error insists that the amended declaration set up a new and different cause of action from that stated in the original declaration; that the cause of action stated in the amended declaration is not upon a written instrument or other evidence of indebtedness in writing, and that although one of the plaintiffs was under twenty-one years of age when this cause of action accrued and the amended declaration was filed within two years after he attained his majority, his co-plaintiff was under no disability when the action accrued, and as the action is a joint one, both are barred by the five years Statute of Limitations. The Appellate Court, as appears from its opinion, reached the conclusion that the exception in the Statute of Limitations in favor of minors, authorizing them to bring an action within two years after attaining their majority, was applicable; that the cause of action was not barred as to Edward Beresh until two years after he attained his majority, and the statute could not be pleaded to the action brought jointly by him and another who was under no disability when the cause of action accrued. That court did not pass upon the

cross-errors assigned by appellees there, who are defendants in error here.

The first cross-error assigned by defendants in error raises the question of the correctness of the trial court's action in sustaining plaintiff in error's demurrer to their first replication to the plea of the Statute of Limitations. That replication, after setting out the facts as to the membership and death of Eugene Beresh, the suit by the Goldbergers for the use of the widow, the substitution of the widow and son as the plaintiffs instead of the Goldbergers, averred that the cause of action set out in the amended declaration is the same cause of action set out in the original declaration. The question raised by this replication could have been raised by demurrer to the plea, but as the court, on motion of defendants in error, ordered the demurrer of plaintiff in error to the replications carried back to the plea and upon the hearing of the demurrer overruled it, to which the defendants in error excepted, we think the question was saved for review.

It is contended by plaintiff in error that the suit was brought by the Goldbergers for the use of the widow upon the benefit certificate, that the constitution and by-laws of plaintiff in error were not pleaded in the declaration, and that the amended declaration was upon a different cause of action. The amended declaration sets out the membership of Eugene Beresh, the issuance of the certificate in which the Goldbergers (described as nephews) were designated as beneficiaries, the death of Eugene Beresh, and then avers that the Goldbergers were not nephews of Eugene Beresh; that they were not members of his family, blood relatives nor dependent upon him, and never held any relation to him that entitled them to be named as beneficiaries; that at the time of the death of Eugene Beresh he was in good standing in the order and had complied with all its rules, and plaintiffs in the amended declaration were his wife and lawfully adopted son, the only members of his

family; that they were living with and dependent upon him and were entitled to the benefit fund. We do not think the amended declaration is upon a different cause of action from that set out in the original declaration. That the suit by the Goldbergers was brought as the beneficiaries named in the benefit certificate and that the right of plaintiffs in the amended declaration to recover is not based upon their designation in the certificate as beneficiaries, is not conclusive that the two declarations set out different causes of action. By statute, as well as by the constitution and by-laws of plaintiff in error, only certain classes of persons were eligible to be named as beneficiaries. Where a person is designated as beneficiary who is outside of the eligible classes, upon the death of the member the benefit fund will not lapse, but the law will dispose of it for the benefit of the classes authorized to be designated as beneficiaries. *Palmer* v. *Welch,* 132 Ill. 141; *Baldwin* v. *Begley,* 185 id. 180.

In *Supreme Lodge Knights of Honor* v. *Menkhausen,* 209 Ill. 277, suit on a benefit certificate issued by the defendant to Elizabeth Menkhausen was brought by her husband, Gustav, who was named as beneficiary. The defendant filed a plea alleging plaintiff willfully murdered his wife, was tried, convicted and sentenced to be hanged, but the Governor commuted the sentence to life imprisonment and he was then in the penitentiary. There was a verdict and judgment for the defendant. Another suit was then brought to recover the benefit, by the children of Elizabeth Menkhausen. The declaration alleged the incorporation of defendant under the laws of Kentucky, Missouri and Indiana, for the purpose of providing a relief fund to be paid on the death of a member to such member of his family or person related to or dependent upon him as he might direct, and that the by-laws provide the benefit might be made payable to the wife, husband, children, or to others within the classes named. The declaration set out the for-

mer suit by the husband, the issue made by the plea, that it resulted in a judgment for the defendant, and alleged plaintiffs were the only children of Elizabeth Menkhausen and that they were members of her family and dependent upon her for support. Elizabeth Menkhausen died November 9, 1893. The suit by her husband was begun August 6, 1895. The suit by the children was brought in 1902. A demurrer by defendant to the declaration was overruled, and, defendant electing to stand by the demurrer, judgment was rendered for plaintiffs. The judgment was affirmed by the Appellate Court and by this court. This court said it did not regard the action as upon the certificate; that the suit was for the recovery of the benefit which the defendant undertook by its constitution and by-laws to pay to the person, within certain classes, who should be designated by the member; that the husband of Elizabeth Menkhausen had, by murdering his wife, made himself ineligible as a beneficiary, and the benefit was payable to the children of Elizabeth Menkhausen.

The cause of action is the obligation of plaintiff in error to pay the benefit agreed upon with the member to a person or persons eligible under its constitution and by-laws to be designated as beneficiary, provided the person so designated is eligible. The designation by a member of an ineligible person does not relieve the order of any obligation or liability to pay the fund to anyone, but only relieves it of any liability to the person designated. The member may choose the person he desires to be made beneficiary from several classes, and the undertaking of the lodge or order is that it will pay the amount agreed upon to the person designated in the certificate if he is within the eligible classes, and if he is not, it will pay it to some proper person within the eligible classes. In the original declaration the Goldbergers sought to recover upon the obligation in their names for the benefit of their assignee, because they were designated as beneficiaries in the certificate. As they were outside the

classes authorized to be named as beneficiaries, the action did not accrue to them upon the death of Eugene Beresh. When their ineligibility was disclosed defendants in error were substituted as plaintiffs, the cause of action still being the obligation of plaintiff in error, under its membership agreement with Eugene Beresh and its constitution and by-laws, to pay the benefit fund to someone or class authorized to be named as a beneficiary. The amended declaration introduced no new cause of action but substituted the names of defendants in error as the parties to whom the same cause of action counted upon in the original declaration accrued, instead of the parties who were made plaintiffs in said original declaration. "A mere change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and unless the cause of action is a new one, the amended declaration is not subject to the Statute of Limitations." (*Metropolitan Life Ins. Co.* v. *People,* 209 Ill. 42.) "Substituting the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is in no sense commencing a new action against defendant." (*United States Ins. Co.* v. *Ludwig,* 108 Ill. 514.) If we are correct in this conclusion, it necessarily follows that the Statute of Limitations was not a good plea, and the demurrer of the plaintiff in error to the replication ordered carried back to the plea should have been sustained.

The question whether, if the amended declaration did set up a new cause of action, the Statute of Limitations was a good plea has been thoroughly briefed and ably and interestingly argued by counsel for plaintiff in error, but in the view we hold that question does not become material and need not be discussed.

The trial court allowed interest upon the $2000 benefit fund from the date of filing the amended declaration, and plaintiff in error contends this was erroneous even if de-

fendants in error were entitled to judgment. We are of opinion that if defendants in error are entitled to recover they are also entitled to interest from the time of filing the amended declaration.

Notwithstanding the errors of the circuit and Appellate Courts they reached the correct result, and the judgment, in our view of the law, being right, it is affirmed.

*Judgment affirmed.*