277 So.2d 47 (1973)
THERMO AIR CONTRACTORS, INC., a Florida Corporation, Appellant,
v.
The TRAVELERS INDEMNITY CO., a Connecticut Corporation, et al., Appellees.
No. 72-1362.
District Court of Appeal of Florida, Third District.
May 1, 1973.
Rehearing Denied May 22, 1973.
Ronald S. Golub, Miami, for appellant.
Lapidus & Hollander, Miami, for appellees.
Before HENDRY and HAVERFIELD, JJ., and MELVIN, WOODROW M., Associate Judge.
PER CURIAM.
Plaintiff-appellant seeks review of a final summary judgment entered in favor of one of three defendants below.
On December 18, 1969, plaintiff-appellant, Thermo Air Contractors, Inc., entered into a contract with defendant-appellee Hannan South Construction, Inc. to perform work on a shopping mall. Appellant substantially performed the work which was completed around February 1971. On June 1, 1971, Thermo Air Service, Inc., appellant's sister corporation, *48 filed suit for the remaining unpaid balance upon the contract against The Hannan Companies and/or Hannan South Construction, Inc. Appellee Travelers Indemnity was joined as the surety. On December 14, 1971 the president of Thermo Air Service, Inc. was deposed and admitted that appellant, Thermo Air Contractors, Inc., and not Thermo Air Service, Inc. had rendered performance. On December 28, 1971, substituting itself for Thermo Air Service, Inc., appellant filed an amended complaint which was dismissed with leave to amend. On April 18, 1972 a second amended complaint was filed. The defendants in their answer pled the bar of the statute of limitation and moved for summary judgment. The court granted summary judgment only as to defendant-appellee Travelers Indemnity upon the ground that the change of party plaintiff in the amended complaint did not relate back to the date of filing of the original complaint and therefore the one year statute of limitation, F.S. § 713.23 F.S.A., barred any recovery against the surety. The court denied summary judgment in favor of the other two defendants, Hannan South Construction, Inc. and The Hannan Company.
Appellant contends that the lower court erred in predicating its summary judgment upon its finding that the filing of the amended complaint did not relate back to the filing of the original complaint in that the amendment merely corrected a misnomer rather than created a new cause of action. We are in accord.
Generally the purpose of a statute of limitation is to set a time limit within which a suit should be brought so that the parties involved will be on notice within the statutory time. See 53 C.J.S. Limitations of Actions § 1 (1948) and 21 Fla. Jur. Limitation of Actions § 3 (1958). Further, the rule is that an amendment to the plaintiff's complaint changing the parties to the suit so long as it does not introduce a new cause of action or make a new demand or substantially change the cause of action but merely restates in a different form the cause of action originally pleaded, relates back to the commencement of the action so as to avoid the operation of the statute of limitation, and may therefore be made even after the statute of limitation has run. Griffin v. Workman, Fla. 1954, 73 So.2d 844; Haines v. Leonard L. Farber Company, Fla.App. 1967, 199 So.2d 311; Lindy's of Orlando, Inc. v. United Electric Company, Fla.App. 1970, 239 So.2d 69, cert. denied, Fla., 242 So.2d 463.
It seems clear to us upon consideration of the above rule that such an amendment as in the case sub judice should relate back to the date of the original filing. There has been no prejudice shown. Defendant-appellee Travelers Indemnity Company upon the filing of the original complaint knew that it was being joined as a surety in this action. Subsequently, Travelers learned that instead of Thermo Air Service, Inc., the performance had been rendered by Thermo Air Contractors, Inc. which very likely would file a complaint based on the same allegations of fact. There is no surprise and we hold the lower court is required to permit the amended complaint to stand as of the date of the filing of the original complaint. See Handley v. Anclote Manor Foundation, Fla.App. 1971, 253 So.2d 501.
On cross-appeal, appellee, The Hannan Company contends the trial court erred in denying its motion for summary judgment. We disagree. It is basic that the appellate court will indulge all proper inferences in favor of the party against whom a summary judgment is entered. See 2 Fla.Jur. Appeals § 307 (1963) and cases cited therein. A review of the record reveals that the contract in question is titled "The Hannan Companies". Also, the payments were made by checks drawn upon the account of "The Hannan Company". Further, the motion for summary judgment was unaccompanied by supporting affidavits. Accordingly, we affirm the *49 lower court's denial of the motion of appellee, "The Hannan Company".
Affirmed in part, reversed in part and remanded for further proceedings in accordance with the views expressed herein.