305 So.2d 311 (1974)
Joel RUBENSTEIN, Individually and On Behalf of Himself and All Others Similarly Situated, and Burleigh House Condominium, Inc., a Non-Profit Florida Condominium Corporation, Appellants,
v.
BURLEIGH HOUSE, INC., a Florida Corporation, Appellee.
No. 74-258.
District Court of Appeal of Florida, Third District.
October 29, 1974.
Rehearing Denied January 10, 1975.
*312 Joseph S. Paglino, Miami, for appellants.
McCarthy, Steel, Hector & Davis, Miami, for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Appellants, plaintiffs in the trial court, seek review of an order dismissing their amended complaint.
Originally, only the plaintiff Burleigh House Condominium, Inc., filed a six-count complaint against the defendant, the developer of the Burleigh House Condominium. The complaint sought damages for various defects allegedly constituting breach of warranty.
The defendant moved to dismiss the complaint, contending that the plaintiff condominium association lacked standing to sue in a representative capacity for the original owners and purchasers of units in the Burleigh House. See, Hendler v. Rogers House Condominium, Inc., Fla.App. 1970, 234 So.2d 128; Gable v. Silver, Fla. App. 1972, 258 So.2d 11, cert. discharged, Fla. 1972, 264 So.2d 418; Commodore Plaza at Century 21 Condominium Ass'n, Inc. v. Saul J. Morgan, Enterprises, Inc., Fla. App. 1974, 301 So.2d 783.
The trial court granted the motion, but permitted the plaintiff twenty (20) days in which to file an amended complaint.
Thereafter, the amended complaint now at issue was filed, re-alleging the same material legal claims, but adding as a party plaintiff, Joel Rubenstein, who stated that he was an original owner and purchaser of a condominium unit at the Burleigh House, and was suing on behalf of all others similarly situated.
Again, defendant moved to dismiss, and in addition to strike, the amended complaint. Besides renewing its objection to the condominium association as a named plaintiff, the defendant asserted that since new parties were added as plaintiffs, a wholly new and independent claim for relief was being advanced.
Also, defendant maintained that the plaintiffs were seeking the advantage of the rule that an amendment relates back to the original complaint, thereby avoiding problems with the statute of limitations.
The court entered an order of dismissal, striking the claim of plaintiff, Burleigh House Condominium, Inc., and dismissing the amended complaint as it applies to Rubenstein and all others similarly situated, without prejudice to his right to bring a separate action.
*313 We concur with the trial court's dismissal of the condominium association from this case. Hendler v. Rogers House Condominium, Inc., supra; Gable v. Silver, supra. However, we cannot agree that it was proper to dismiss the amended complaint relating to claims by Rubenstein and others similarly situated.
In seeking a dismissal of the original complaint, defendant urged that the original owners and purchasers were the proper real parties in interest in this case. Therefore, we do not think that the defendant now may complain that it was prejudiced or that an entirely new cause of action has been asserted. Cf., Bailey v. American Trust Co., Fla. 1931, 101 Fla. 42, 133 So. 331.
Moreover, in the Hendler case we find language indicating that where a condominium association has filed suit incorrectly in a representative capacity, the deficiency in the complaint may be corrected through amendment or by adding the appropriate parties as plaintiffs.
Therefore, for the reasons stated, that portion of the order appealed [contained in paragraph (1)] which strikes the claim of the plaintiff condominium association is affirmed. That portion which dismisses the amended complaint as it pertains to the claim of Joel Rubenstein, individually, and on behalf of himself and others similarly situated, is reversed, and the cause is remanded to the trial court for further proceedings consistent herewith.
Affirmed in part; reversed in part, and remanded.

ON PETITION FOR REHEARING
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Under paragraph four (4) of its petition for rehearing and clarification timely filed, the appellee seeks to have clarified a portion of our original opinion filed October 29, 1974. The paragraph of the opinion in question reads as follows:
"Also, defendant maintained that the plaintiffs were seeking the advantage of the rule that an amendment relates back to the original complaint, thereby avoiding problems with the statute of limitations."
Appellee points out that in its brief it argued that the statute of limitations would run against plaintiffs who were added as new parties, because in this instance the amendment would not relate back to the original complaint, citing Galuppi v. Viele, Fla.App. 1970, 232 So.2d 408.
First, we must note that this appellate stance was not entirely consistent with the position taken by the appellee in the trial court, as reflected by paragraph three (3) of its motion to dismiss, which reads:
"3. By the expediency of purporting to institute a new and independent class action by different parties under the guise of an amended complaint, these new parties unfairly seek to gain advantage of the rule that an amendment ordinarily relates back to the date of the original proceeding, and thereby avoid the running of the statute of limitations, to the detriment of the defendant."
We think it is apparent that appellee's contention that the plaintiffs could not avail themselves of a relation back theory in order to prevent the running of the statute of limitations was not squarely at issue before the experienced trial judge.
Moreover, the court's action (dismissing the amended complaint of Joel Rubenstein, individually, and on behalf of himself and others similarly situated, without prejudice to bring a separate action) seems more consistent with a conclusion by the court that the added party-plaintiffs were not barred by the statute of limitations.
Secondly, as we pointed out in our original opinion, the appellee filed an answer to the original complaint contending that the real parties in interest were the initial owners and purchasers of the condominiums in question, and that the condominium association did not have standing *314 to sue on behalf of third parties, the parties allegedly damaged by the appellee's breach of warranties.
Thus, it is apparent that the appellee knew who were the parties making claims against it and certainly was not surprised nor prejudiced by the addition of the party-plaintiffs.
In this situation, we are of the opinion that the words of Mr. Justice Holmes in New York Central & H.R.R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294 (1922), quoted by the court in Galuppi v. Viele, supra, are apropos:
"* * * [W]hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied."
Therefore, for the reasons stated, the petition for rehearing is denied and our original opinion as clarified stands.
It is so ordered.