PER CURIAM.
This is an interlocutory appeal from an order denying appellants-plaintiffs’ motion for leave to file an amended complaint.
Appellants filed a complaint alleging, inter alia, that a note and mortgage, executed by appellee Context-Marks Corporation and guaranteed by appellee Context Industries were in default. The complaint sought, in one count, a decree of foreclosure against the former and a money judgment enforcing the guarantee for any deficiency arising out of the foreclosure against the latter.
*596 Defensive pleadings were filed including a motion to add necessary party plaintiffs. Various affirmative defenses were raised, and a counterclaim was asserted. Subsequently, the lower court granted appellees’ motion to add various parties as plaintiffs and thereafter, appellees began to effectuate service on said parties.
During the period of time in which service was being completed upon the new plaintiffs, appellants sought leave to file an amended complaint containing two counts. Count I sought foreclosure and a deficiency against the mortgagor, Context-Marks Corporation. Count II sought a money judgment against Context Industries on the guarantee. The amended complaint raised no new issues and did not seek to add any new parties. The only change found in the amended complaint, besides the change from one count to two counts, was the request that the cause of action on the guarantee be pursued before the foreclosure action on the mortgage.
Pursuant to a hearing on the matter, the chancellor denied the motion and this appeal follows.
After carefully considering the record, briefs and arguments of counsel, we are of the opinion that the chancellor abused his discretion in denying appellants’ motion to amend the complaint.
Initially, we note that leave to file the amended complaint was sought during the pleading stage and before all parties had actually been served. In addition, the amended complaint was based on the same specific transaction and occurrences between the parties as were alleged in the original complaint.
With the above in mind, and coupled with Fla.R.Civ.P. 1.190(a), which provides in part that leave to amend the pleadings “shall be given freely when justice so requires,” we are of the opinion that appellants should be allowed to file their amended complaint. See Haag v. Phillips, 333 So.2d 507 (Fla. 2d DCA 1976); Surette v. Galiardo, 309 So.2d 253 (Fla. 4th DCA 1975); Turner v. Trade-Mor, Inc., 252 So.2d 383 (Fla. 4th DCA 1971); Tucker v. Daugherty, 122 So.2d 230 (Fla. 2d DCA 1960).
While we are not unmindful of appellees’ contention that prejudice would result from the allowance of an amended complaint, we find such contention to be without merit.
Accordingly, the order appealed from is reversed and remanded with directions to allow appellants leave to amend their complaint.
Reversed and remanded with directions.