EMAS, J.
The Estate of Roberta Eisen (“the Estate”) appeals the lower court’s order denying its motion to substitute the Estate’s personal representative and subsequent order dismissing the case upon a determination that the action was time-barred. We reverse, holding the trial court abused its discretion in not permitting the substitution of a proper nominal plaintiff in place of a nominal plaintiff who lacked capacity to sue, and further erred in not relating back the substitution to the date of the original filing of the lawsuit.

FACTS

Roberta Eisen (“Mrs. Eisen”) passed away in April 1993 in New York. On January 11, 2008, a wrongful death action *326 was filed in Miami. The style of the case read: “THE ESTATE OF ROBERTA EI-SEN, deceased, by and through her Personal Representative, MURRAY EISEN.” The complaint alleged that Mrs. Eisen’s surviving spouse, Murray Eisen (“Mr. Ei-sen”) was “the duly qualified and acting personal representative of the estate of Roberta Eisen, deceased.”[1] However, this allegation was incorrect and, in fact, Charles Koppelman (“Koppelman”) had been appointed as the executor/personal representative of the Estate.[2]
The Estate later retained new counsel, who discovered the error and, in May 2010, moved to amend the complaint to replace Mr. Eisen with Koppelman as the properly-named personal representative of the Estate. Over Philip Morris’ objections, the trial court granted the motion stating: “I’m going to grant the Motion to Amend. The case is actually brought in the name of the Estate, so really nothing changes for all practical purposes. So I’m going to allow the amendment.”
In July 2011, Koppelman filed a motion in the New York probate case, seeking to resign as personal representative of the Estate and Neil Shertzer, Mrs. Eisen’s brother, was thereafter appointed to serve as personal representative. One month later, the Estate moved to amend the complaint in the wrongful death action substituting Shertzer in place of Koppelman as the Estate’s personal representative.
The trial court denied the motion to amend the complaint to substitute Shert-zer as personal representative, reversed its prior ruling allowing the original substitution of Koppelman (in place of Mr. Eisen), and dismissed the entire action with prejudice as time barred. The trial court ruled it had “erred in allowing [the earlier] Amendment substituting ... Koppelman for Mr. Eisen in September of 2010.” The trial court based its ruling on two determinations: First, the trial court concluded that the original action was time barred because Mrs. Eisen had died in April of 1993, and the action was not filed within the two-year statute of limitations for a wrongful death action. Second, the trial court found the action was improperly filed because Mr. Eisen falsely represented he was personal representative at the time the original lawsuit was filed, when in fact he was not. As such, the trial court determined, because Mr. Eisen did not have the legal capacity to file the original lawsuit, and the 2010 substitution of Koppelman for Mr. Eisen did not relate back to the date of the filing of the complaint, the Estate’s claims were time barred. The subsequent motion to amend (to substitute Shertzer for Koppelman) would therefore be futile, since the trial court determined the claim was time barred.
The Estate moved for rehearing, contending the action had been timely filed because it was an Engle progeny lawsuit filed by the January 11, 2008 deadline prescribed in Engle.[3] The Estate, while *327 conceding that Mr. Eisen was not in fact the personal representative of the Estate at the time the complaint was filed, asserted he had been authorized and directed by Koppelman to bring the action on behalf of the Estate, and the personal representative substitutions were merely substitutions of one nominal plaintiff for another, which had no effect on the underlying cause of action and should relate back to the date of filing of the original complaint.
The trial court vacated its original order, acknowledging it had misapprehended the limitations period established for Engle cases by concluding the action was time barred after the two-year limitations period had run. However, in its amended order, the court nonetheless denied the amendment and dismissed the action as time barred (under the Engle statute of limitations) because Mr. Eisen was not the personal representative of the Estate, and therefore lacked capacity to bring the lawsuit. Further, the court found, the subsequent amendment of the complaint to substitute Koppelman for Mr. Eisen did not relate back to the filing date of the original complaint for purposes of the statute of limitations because, in effect, the substitution of Koppelman was a new cause of action, and because it was filed after expiration of the Engle limitations period, it was time barred.
The trial court’s amended order also specifically found there was no fraudulent or improper conduct in the filing of the original complaint with Mr. Eisen named as the personal representative, because Koppelman had the intent to file suit within the Engle limitations period, and gave permission to Mr. Eisen and the Estate’s lawyer to file the lawsuit.

ANALYSIS:

We review, for an abuse of discretion, the trial court’s denial of a motion to amend to substitute parties. Boca Burger, Inc. v. Forum, 912 So.2d 561 (Fla.2005); Carlos v. Context-Marks Corp., 346 So.2d 595 (Fla. 3d DCA 1977). We review de novo the trial court’s dismissal of the action as time barred. GLK, L.P. v. Four Seasons Hotel Ltd., 22 So.3d 635 (Fla. 3d DCA 2009).
The Estate contends that the trial court erred in failing to permit the substitution of one nominal plaintiff in the place of another nominal plaintiff, and in determining that such an amendment would not relate back to the date of the filing of the original complaint. The Estate asserts the amendment did not alter the underlying cause of action, the factual allegations, or the relief sought; did not change the real party in interest; did not involve any fraudulent or improper conduct; and did not prejudice the defendants.
Philip Morris counters that Mr. Eisen, the original named personal representative, was but a “mere stranger” to the lawsuit, lacking any capacity to sue. Mr. Eisen was not the personal representative, and could not properly have been appointed personal representative because of his prior felony conviction. Therefore, Philip Morris argues, the filing of the original complaint in the name of Mr. Eisen, as personal representative of the Estate, was a nullity and did not serve to toll the running of the statute of limitations. According to Philip Morris, the requested substitution of the true personal representative (Koppelman) did not occur until May 2010, after the Engle limitations period expired and therefore, any such new cause of action (i.e., the filing of a lawsuit brought in the name of the properly-appointed personal representative) was time barred.
*328 We begin by reviewing the purposes served by the statute of limitations and the rules permitting amendment of pleadings to substitute a plaintiff.

Statute of Limitations

The primary purpose of a statute of limitations is to compel the exercise of a right of action within a reasonable time so that the opposing party has a fair opportunity to defend. This purpose is predicated on public policy, and statutes of limitations are designed to encourage plaintiffs to assert then- causes of action with reasonable diligence, while the evidence is fresh and available, to protect defendants from un-ían- surprise and stale claims. 35 Fla. Jur. 2d, Limitations and Laches § 1 (2013).
As we stated in Thermo Air Contractors, Inc. v. Travelers Indemnity Co., 277 So.2d 47, 48 (Fla. 3d DCA 1973), “[generally the purpose of a statute of limitation is to set a time limit within which a suit should be brought so that the parties involved will be on notice within the statutory time.” Thus, Florida courts have taken the view that, generally, an amendment to a complaint changing the plaintiff, which does not introduce a new cause of action or make any new or substantially altered claim, relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run. Griffin v. Workman, 73 So.2d 844 (Fla.1954); Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704 (1941); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60 (Fla. 3d DCA 1985); Thermo Air Contractors, 277 So.2d at 48; 35 Fla. Jur. 2d, Limitations and Laches § 108.

Rule 1.190: Amended and Supplemental Pleadings

Florida Rule of Civil Procedure 1.190(a) provides in pertinent part that a party may amend a pleading once as a matter of course at any time before a responsive pleading is filed (or if no responsive pleading is permitted, within twenty days after the original pleading is served). Otherwise, a party may amend only by leave of court, which “shall be given freely when justice so requires.”
Rule 1.190(e) provides:
At any time in furtherance of justice, upon such terms as may be just, the court may permit any process, proceeding, pleading, or record to be amended or material supplemental matter to be set forth in an amended or supplemental pleading. At every stage of the action the court must disregard any error or defect in the proceedings which does not affect the substantial rights of the parties.
Rule 1.190(c) provides:
When the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment shall relate back to the date of the original pleading.
It is well-settled that the rule permitting amendments to pleadings, and the relation-back doctrine, are to be liberally construed and applied. See e.g., Flores v. Riscomp Indus., Inc., 35 So.3d 146, 148 (Fla. 3d DCA 2010) (holding the relation-back doctrine is to be applied liberally to achieve its salutary ends, and articulating the test to be whether “ ‘the original pleading gives fan- notice of the general fact situation out of which the claim or defense arises’ ”) (quoting Kiehl v. Brown, 546 So.2d 18, 19 (Fla. 3d DCA 1989)); R.A. Jones & Sons, Inc. v. Holman, 470 So.2d 60, 66 (Fla. 3d DCA 1985); Fabbiano v. Demings, 91 So.3d 893, 895 (Fla. 5th DCA 2012) (holding that the rule is to be liberal *329 ly interpreted, and observing that the underlying “rationale for this rule is grounded in the notion of fair notice”); Dausman v. Hillsborough Area Reg’l Transit, 898 So.2d 213, 215 (Fla. 2d DCA 2005) (noting that leave to amend “should be freely given, the more so ... when the amendment is based on the same conduct, transaction and occurrence upon which the original claim was brought”) (quoting Spolski Gen. Contractor, Inc. v. Jett-Aire Corp. Aviation Mgmt. of Cent. Fla., Inc., 637 So.2d 968, 970 (Fla. 5th DCA 1994); Ron’s Quality Towing, Inc. v. Se. Bank of Fla., 765 So.2d 134 (Fla. 1st DCA 2000); Lindy’s of Orlando, Inc., v. United Elec. Co., 239 So.2d 69, 72 (Fla. 4th DCA 1970) (“The basic test employed by the courts in all actions involving a change of parties after the statute of limitations has run is the effect such change has on the original cause of action.... An amendment to plaintiffs complaint changing the parties to the suit so long as it does not introduce a new cause of action or make a new demand or substantially change the cause of action ... relates back to the commencement of the action so as to avoid the operation of the statute of limitations, and may therefore be made even after the statute of limitations has run.”).
The Holman case is especially helpful in analyzing the application of the relation-back doctrine to an amendment which, such as the one here, involves the substitution or addition of a party. Holman, 470 So.2d at 67. We recognized in Holman that, while the relation-back doctrine is to be liberally applied, it is not without limitation:
Notwithstanding this apparent liberality of approach, the rule is generally stated to be that relation back will not apply to an amendment that substitutes or adds a new party for those named initially in the earlier timely pleadings. E.g., Longbottom v. Swaby, 5 Cir., 1968, 397 F.2d 45. The reasoning apparently is that such an addition amounts to the assertion of a “new cause of action,” and if an amendment were allowed to relate back in that situation, the purpose of the statute of limitations would be defeated. 3 Moore, Federal Practice ¶ 15.15 [4.-1], and cases cited therein.
However, addition of a party is permitted if it can be said that the new and former parties have an identity of interest so as not to prejudice the opponent by the addition. Critical to this inquiry is the question of notice.
“In determining whether the adversary has had fair notice, the usual emphasis of ‘conduct, transaction or occurrence’ is on the operational facts which give rise to a claim by the particular party based on any one or all of the theories conjured up, whether timely or belatedly. But when it comes to a late effort to introduce a new party, something else is added. Not only must the adversary have had notice about the operational facts, but it must have had fair notice that a legal claim existed in and was in effect being asserted by, the party belatedly brought in. This becomes of special importance in situations in which a common set of operational facts gives rise to distinct claims (or defenses) among distinct claimants (or defendants).”
Holman, 470 So.2d at 67 (quoting Williams v. United States, 405 F.2d at 237-38 (5th Cir.1968)).
In the case at bar, it is evident that the new and former plaintiffs had an identity of interest. Mr. Eisen, Koppelman and Shertzer, as nominal plaintiffs, shared an identity of interest, each prosecuting the action in the name of the Estate, which remained at all times the real party in interest. See Morgan v. Am. Bankers *330 Life Assurance Co. of Fla., 605 So.2d 104, 104 (Fla. 3d DCA 1992) (observing that, in a wrongful death action brought by a personal representative, “the decedents’ survivors are the real parties in interest”). Mr. Eisen was the surviving spouse of Mrs. Eisen, and was a beneficiary of the Estate. The substitution of Koppelman in place of Mr. Eisen caused no prejudice to Philip Morris, and did not alter in any manner the legal claims of the complaint or the allegations underlying those claims. All of the Holman factors weigh in favor of permitting the substitution and relating it back to the date of the original complaint. Holman, 470 So.2d at 67. This rationale is consistent with the pronouncement of the Florida Supreme Court in James v. Dr. P. Phillips Co., 115 Fla. 472, 155 So. 661, 663 (1934) in which the court held: “[a]n amendment does not in general make a new cause of action where the real parties and interests and the essential elements of the controversy remain the same.”
From the cases we have discussed, we distill the following principal factors to be considered in determining whether to permit an amendment to substitute a party-plaintiff and whether such a substitution should relate back:
—Whether the timely-filed action gave the defendants fair notice of the legal claim and the underlying allegations;
—Whether there is an identity of interest between the original and substituted plaintiff;
—Whether the amendment caused any prejudice to the defendants;
—Whether the amendment to substitute plaintiffs would create a “new” cause of action.
It is clear in the instant case that the first three factors favor permitting the substitution and relating it back to the original complaint. Philip Morris does not contend that the timely-filed action failed to provide fair notice of the claims; nor does it assert prejudice or a lack of identity of interest between the original and substituted nominal plaintiff. However, as to the fourth factor, Philip Morris contends that because Mr. Eisen, the original nominal plaintiff, had no capacity to sue, he was a “mere stranger” to the lawsuit; therefore, the filing of the original complaint was a nullity and it failed to toll the running of the Engle limitations period. Thus, Philip Morris concludes, the proposed amended complaint to substitute a new nominal plaintiff for one lacking capacity to sue, constituted a “new” cause of action, which was barred because it was filed after the expiration of the Engle limitations period.
The final question then is whether, given that the original nominal plaintiff had no capacity to sue, the original complaint was a nullity from which there can be no relation back.
We find guidance from several cases addressing this issue in the context of a wrongful death action. We begin with Griffin v. Workman, 73 So.2d 844, 847 (Fla.1954). Johnny Griffin, a minor, died intestate and Johnny’s father, Jesse Griffin, timely filed a wrongful death action to recover damages on behalf of his son’s estate. The action was filed two days before the two-year statute of limitations was to expire. The complaint was styled “Jesse Phillip Griffin, Sr., as Administrator of the Estate of Johnny Reece Griffin, Deceased.”
At the time the wrongful death action was filed, however, Jesse Griffin, Sr. was in fact not the administrator of the estate. After suit was filed (and after expiration of the statute of limitations), Jesse Griffin, Sr. sought appointment as personal repre *331 sentative of the estate. The probate court issued an order of appointment that “upon taking the oath prescribed by law and giving a [specified bond,] letters of administration [will] be granted.” Id. at 845. However, the letters of administration had never issued. Upon discovering this, one of the defendants filed a motion to dismiss the cause on the ground that no administrator had been appointed at the time of the filing of the lawsuit and, as of the filing of the motion (six weeks later) no letters of administration had issued. A week later, the probate court (with the consent of Jesse Griffin, Sr.) appointed the daughter of Jesse Griffin, Sr. as administratrix of the estate. A motion was then filed in the wrongful death action seeking to amend the complaint by substituting the daughter as administratrix in place of the father.
The trial court granted defendant’s motion, dismissing the action without ruling on the motion to substitute the daughter. Within two weeks, the daughter resigned as administratrix and the probate court appointed the father, Jesse Griffin, Sr., as administrator, and letters of administration were issued to him. Jesse Griffin, Sr. then withdrew the previously-filed motion for substitution, and filed a motion for rehearing, seeking clarification of the grounds upon which the trial court dismissed the action. The trial court denied rehearing and specified “lack of capacity” as the basis for dismissal. Id.
The Florida Supreme Court reversed, holding the trial court committed error in dismissing the complaint and in not permitting the cause to proceed, either with the daughter as substituted administratrix, or with the father as original administrator once the letters of administration issued. Id. at 847. The court determined that the substitution of the daughter for the father — and later the father for the daughter — related back to the date of the original filing of the complaint. The Court agreed with the proposition
that where a wrongful death action was instituted by a party “as administrator,” his subsequent appointment as such validated the proceeding on the theory of relation back.[T]he institution of suit “was not a void performance, being an act done during the interim which was for the benefit of the estate. It could not be otherwise, for it was an attempt to enforce a claim which was the only asset of the estate. This rule is sustained by a large number of authorities, and * * * appears, also, to be just and equitable.
[T]he proceeding was not a nullity. It was, on the other hand, a cause pending in which, but the liberal principles of our Code, the party plaintiff, though lame in one particular, might be allowed to cure that defect and proceed to a determination of the merits.
Id. at 846 (quoting Archdeacon v. Cincinnati Gas & Elec. Co., 76 Ohio St. 97, 81 N.E. 152, 154 (1907)).
Griffin concluded that the filing of an action for wrongful death by one who is purported to be (but has not yet been appointed) a personal representative is not a nullity. Griffin, 73 So.2d at 847. Rather, upon that individual being properly named as personal representative, his status (and therefore his capacity to sue) relates back to the date of the original filing of the complaint. Id.
While Griffin is helpful, it does not directly address the more unique issue presented here, wherein we must consider the filing of an action for wrongful death by the surviving spouse, as purported personal representative, who was not and is never subsequently named personal representative. Is such a person to be considered a “mere stranger” to the lawsuit? Does a subsequent amendment to substitute a *332 proper nominal plaintiff for the improper nominal plaintiff relate back to the filing of the complaint, or does it constitute a “new” cause of action barred by the expiration of the statute of limitations?
The Gh'iffin Court noted that its holding was limited to a determination that the trial court erred in not allowing the cause to proceed after the letters of administration had been issued to the father, and in refusing to relate the issuance of the letters back to the date of the filing of the complaint. Id. The court determined that, “[u]pon the record in the case at bar, the affirmative defense of the statute of limitations is not involved, the issue being simply whether or not the court erred in granting a motion to dismiss for lack of capacity without consideration or disposition of the then pending motion by the duly qualified administratrix, for substitution as party plaintiff in the cause.” Id. The court continued:
But even if this were a case in which the statute [of limitations] had been duly pleaded, that factor alone would not have necessarily changed our conclusion in the pending matter. In an Ohio case in which the defense of limitations had been duly invoked by defendants in response to an amended petition showing proper qualification subsequent to commencement of suit, by a plaintiff who sued ‘as administrator,’ the court, in clear and cogent language, with which we agree, held that the action was valid and subsisting:
“Whether the substitution of a party plaintiff, having capacity to bring the suit, in the stead of the original plaintiff who filed the action without capacity to bring the suit, is a change in the original cause of action depends entirely upon the allegations in the amended petition. The mere substitution of parties plaintiff, without substantial or material changes from the claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition. As was said in the opinion in the case of Van Camp v. McCulley, ‘The mere change of the name of the plaintiff in the title would not of course change the cause of action.’ “In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the petition with respect to plaintiffs capacity to sue and relates to the right of action as contra-distinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run.
“We hold that where a widow institutes an action as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute.’
Id. at 847 (quoting Douglas v. Daniels Bros. Coal Co., 135 Ohio St. 641, 22 N.E.2d 195, 198) (1939)) (internal citations omitted)).
We acknowledge that the Douglas case, quoted with approval by the Griffin Court, still fails to provide a complete answer to the question presented by this *333 case. Douglas involved a widow who, having filed an action under the mistaken belief that she had been duly appointed, discovered that she had not been appointed, and thereafter sought to amend the action to reflect her appointment after the statute of limitations had run. The instant case, by contrast, involves a widower who never was (and never would or could be) appointed personal representative. While the instant case differs in this singular respect, we nevertheless find the Griffin analysis persuasive and applicable here. In the case before us, the attorney who filed the original complaint did so with the good faith belief that Mr. Eisen was duly appointed and had the capacity to be named as the nominal plaintiff on behalf of the estate.[4] In fact, a personal representative already had been appointed, and the complaint could have been properly and timely brought in the name of Koppelman, rather than mistakenly brought in the name of Mr. Eisen. In all other respects, the Griffin factors are present and fully applicable to the instant case: The proposed amendment did not alter or change the cause of action, the real parties in interest, or the damages sought. The amendment sought merely to substitute a nominal party with capacity to sue in the stead of nominal plaintiff without capacity to sue; the amendment related to the right of action as distinguished from the cause of action.
The rationale of Griffin was later applied in Cunningham v. Florida Department of Children & Families, 782 So.2d 913, 917 (Fla. 1st DCA 2001), wherein our sister court held that even though the purported personal representative, who had timely filed the action, was not a proper personal representative, and therefore “lacked capacity to sue,” the trial court properly permitted an amendment to substitute the proper personal representative. Cunningham further held that this substitution, although made after the expiration of the statute of limitations, related back to the date of the original filing of the action:
That Appellant substituted himself as the plaintiff and father having capacity to sue, in the stead of [the predecessor], who lacked capacity to sue, did not constitute a change in the original cause of action. The amendment corrected only the allegations in the complaint with respect to Appellant’s capacity to sue, and thus corrected only the “right of action.” See Griffin, 73 So.2d at 847. Accordingly, the amendment related back to the filing of the original complaint for purposes of the statute of limitations.
Id. (Internal citations omitted).
Phillip Morris properly notes that Cunningham is distinguishable in one aspect from the instant case: in Cunningham, the initial complaint was filed by the person, who, at the time, was appointed by a court as the personal representative of the decedent’s estate. It later was determined, however, that this appointment was in error and that this person was actually not qualified under the statute to serve as a personal representative. While this does distinguish Cunningham from the instant case, it nevertheless advances our analysis one step further from Griffin because Cunningham, like the instant case, involved a complaint originally filed by a *334 personal representative who did not have, and never could have had, the capacity to sue as a personal representative of the estate. In Cunningham, like our case, the original personal representative (lacking capacity to sue) was substituted, after expiration of the statute of limitations, with a different personal representative having capacity to sue.
We have held, in another context, that an amendment to substitute a plaintiff with capacity to sue in the place of a plaintiff without capacity to sue, related back to the date of the original complaint and was therefore not barred by the-statute of limitations. In Rubenstein v. Burleigh House, 305 So.2d 311 (Fla. 3d DCA 1974) (superseded by statute), a condominium association filed an action against a developer alleging a breach of warranty and seeking damages for various defects in the condominium units. The defendant moved to dismiss, contending that the association lacked standing to sue in a representative capacity for the original owners and purchasers. Id. at 312. After the trial court granted the motion, an amended complaint was filed, alleging the same claims but adding, as a named plaintiff, an original owner and purchaser of one of the units, suing on behalf of all others similarly situated. Id.
The defendant filed a motion to strike the claims of the condominium association since it continued to lack standing. Id. The trial court granted the motion, striking the claims of the condominium association. The defendant also filed a motion to dismiss the amended complaint, asserting that the amendment to add a new party plaintiff, where the original plaintiff lacked standing, should not relate back to the date of the filing of the original complaint and was therefore barred by the statute of limitations. The trial court granted the motion to dismiss. Id.
This Court affirmed the order striking the claims of the condominium association, but reversed the order dismissing the amended complaint brought by the individual owner on behalf of himself and others similarly situated. In addition to the fact that the amended complaint “re-alleg[ed] the same material legal claims [as the original complaint],” id., we noted that it was
apparent that the appellee knew who were the parties making claims against it and certainly was not surprised or prejudiced by the addition of the party-plaintiffs.
In this situation, we are of the opinion that the words of Mr. Justice Holmes in New York Central & H.R.R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294 (1922), quoted by the court in Galuppi v. Viele, [232 So.2d 408 (Fla. 4th DCA 1970) ], are apropos:
“ * * * (W)hen a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of the opinion that a liberal rule should be applied.”
Id. at 314.
Consistent with the cases previously discussed, the Rubenstein Court considered the same factors of fair notice, identity of interest, prejudice, and creation of a new cause of action, and we find the analysis and rationale in Rubenstein applicable to the instant case. In fact, the instant case presents a more compelling basis to conclude that the substitution should relate back. Both here and in Rubenstein, the original plaintiff (Mr. Eisen in the instant case, the condominium association in Ru-benstein ) lacked capacity to sue. In both cases, the amended complaint did not create a new cause of action, change the underlying allegations in the complaint, or alter the relief sought. In neither case did *335 the defendant suffer prejudice from the substitution. But there is one significant difference between the two cases — in Ru-benstein, this Court permitted an amendment which added a new plaintiff as the real party in interest, and held that this amendment related back. In the instant ease, the real party in interest — the Estate — would have remained the same after the proposed amendment. The proposed change merely substituted one nominal plaintiff for another. The lack of prejudice, the identity of interest between the original and substituted nominal plaintiff, and the absence of any change to the claims or to the real parties in interest, all support a conclusion that the amendment in the instant case should have been permitted and should have related back to the date of the timely-filed complaint.
The final case we consider is Puleston v. Alderman, 148 Fla. 353, 4 So.2d 704, 706 (1941), in which the Florida Supreme Court announced the test to be applied in determining whether an amendment should relate back to the original filing of the complaint, thus avoiding a statute of limitations bar:
We have examined many cases cited in the briefs and have made a search on our own part and from them we are convinced that the criterion recognized in determining the true effective date of an amendment is whether by the revision a new and different cause of action results and whether injustice will be done. This seems to have been recognized as the test where a party was eliminated (Haldeman v. Schuh, 109 Ill.App. 259); where a cotenant (wife) was joined, even as late as the time of entering judgment (Vunk v. Raritan River R. Co., 56 N.J.L. 395, 27 Vroom 395, 28 A. 593); where there was a substitution of parties defendant. Metropolitan Life Ins. Co. v. People, 209 Ill. 42, 70 N.E. 643.
Significantly for our purposes, the Pule-ston Court cited to, and discussed approvingly, the decision in Beresh v. Supreme Lodge Knights of Honor, 255 Ill. 122, 99 N.E. 349 (1912). In Beresh, Mr. Beresh died and a suit was brought by two plaintiffs for the benefit of Mr. Beresh’s widow, Ana Beresh. The complaint sought payment of death benefits upon a certificate previously issued to, and paid for by, Mr. Beresh. The two original plaintiffs filed the claim upon the allegation that they were the nephews of Mr. Beresh and were named by Mr. Beresh as beneficiaries of the certificate. Id. at 349. However, it was later determined that the two plaintiffs were in fact not related to Mr. Ber-esh, could not lawfully be the beneficiaries, and had no authority or capacity to file the suit for the benefit of Anna Beresh. Id.
The complaint was dismissed and an amended complaint was filed in the name of Anna Beresh and Edward Beresh, an adopted son of Mr. Beresh. Id. However, the amended complaint was filed after the expiration of the statute of limitations. Id. The defendant moved to dismiss, contending that the substitution of the new plaintiffs for the original plaintiffs, who were without capacity to sue, constituted the filing of a new and different cause of action, which did not relate back to the date of the filing of the original action, and was therefore barred by the statute of limitations. Id. The lower court denied the motion to dismiss and the Illinois Supreme Court affirmed, holding these circumstances did not transform the amended complaint into a “new” cause of action and thus was not time barred:
In the original [complaint] the [plaintiffs] sought to recover upon the obligation in their names for the benefit of their assignee, because they were designated as beneficiaries in the certificate. As they were outside the classes authorized to be named as beneficiaries, the *336 action did not accrue to them upon the death of Eugene Beresh. When their ineligibility was disclosed, [Anna Beresh and Edward Beresh, the adopted son] were substituted as plaintiffs; the cause of action still being the obligation of defendant ... to pay the benefit fund to some one or class authorized to be named as a beneficiary. The amended declaration introduced no new cause of action, but substituted the names of [the plaintiffs] as the parties to whom the same cause of action counted upon in the original declaration accrued, instead of the parties who were made plaintiffs in said original declaration. ‘A mere change in a party to a suit does not, of itself, change the cause of action or ground of recovery, and, unless the cause of action is a new one, the amended declaration is not subject to the statute of limitations.’ Metropolitan Life Ins. Co. v. People, 209 Ill. 42, 70 N.E. 643 [1904]. ‘Substituting the party having the legal right to sue for the claim for which the action was brought, instead of another party improperly named as plaintiff, is in no sense commencing a new action against defendant.’ United States Ins. Co. v. Ludwig, 108 Ill. 514[, 518 (1884) ].
Id. at 351.
The decisions and analysis in G'rijfin, Cunningham, Rubenstein, and Puleston, inform our resolution of this case. In the instant case, the wrongful death action was instituted in good faith by a nominal plaintiff on behalf of the Estate, which was and remains the real party in interest. The original nominal plaintiff was the surviving widower and a beneficiaiy of the Estate, and filed the action and prosecuted the claim on behalf of the Estate. There was no fraudulent or improper conduct by the original nominal plaintiff. The fact that the complaint was incorrectly brought in the name of a nominal plaintiff who was without capacity to sue or to serve as the personal representative of the Estate did not render the original complaint a nullity such that the proposed amendment of the complaint — for the sole purpose of substituting the proper nominal plaintiff in place of the improperly named nominal plaintiff — would constitute a new cause of action.
Given that the proposed amendment: merely substituted one nominal plaintiff for another; involved nominal plaintiffs sharing an identity of interest; resulted in no change to the real parties in interest; did not affect or alter the underlying allegations or claims in the complaint; and caused no resulting prejudice to the defendants, the amendment to substitute nominal plaintiffs should have been permitted and should have related back. Under these circumstances, the trial court abused its discretion in denying the motion to substitute the nominal plaintiff and erred in determining that the substitution would not relate back to the date of the filing of the original complaint.
Reversed and remanded for proceedings consistent with this opinion.

. The parties agree that Mr. Eisen was unqualified for such an appointment under the laws of Florida and of New York (where the appointment was made), because he had a prior felony conviction. See § 733.504(1 )(a), Fla. Stat. (2012) (providing "[a] person is not qualified to act as a personal representative if the person ... [h]as been convicted of a felony.”); N.Y. SCPA § 707(l)(d) (McKinney 2012) (providing a felon is ineligible to serve as an executor of an estate).

. The probate proceedings occurred in and were governed by New York law, which uses the term "executor" instead of "personal representative.” For ease of reference, however, we use the term personal representative in place of executor throughout the opinion.

. Engle v. Liggett Group, Inc., 945 So.2d 1246, 1254 (Fla.2006), held that qualifying claims would be deemed timely if filed on or before January 11, 2008, regardless of the two-year *327 statute of limitations in section 95.11(4)(d), Florida Statutes (2008).

. As indicated supra, the trial court made a finding in its amended order that there was no fraud or misconduct in Mr. Eisen's filing of the complaint as the personal representative of the Estate. Additionally, the Estate presented evidence that the proper personal representative (Koppelman) had the intent to file suit within the Engle, limitations period; that Koppelman gave permission to Mr. Eisen to file the lawsuit; and that Koppelman gave permission to the Estate's original counsel to file the lawsuit.